**CESSNA AIRCRAFT COMPANY, a corporation, Petitioner,**

v.

**Honorable Wesley E. BROWN, United States District Judge for the District of Kansas, and Honorable Charles W. Cahill, Clerk of the United States District Court for the District of Kansas, Respondents.**

**No. 8114.**

United States Court of Appeals
Tenth Circuit.

July 6, 1965.

---

6. Lynch v. Alworth-Stephens Co., 267 U.S. 364, 45 S.Ct. 274, 69 L.Ed. 660 (1925).

Charles W. Harris, Wichita, Kan. (Weigand, Curfman, Brainerd, Harris & Kaufman, Wichita, Kan., with him on the brief), for petitioner.

Donald R. Newkirk, Wichita, Kan. (Paul R. Kitch, Wichita, Kan., with him on the brief), for respondents.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

We have here an original application for writs of mandamus and prohibition seeking to set aside orders of the respondent, Honorable Wesley E. Brown, United States District Judge for the District of Kansas, transferring certain cases to the Western District of Louisiana, Lake Charles Division.

A helicopter owned by petitioner Cessna took off on October 20, 1962, from the Lake Charles, Louisiana, municipal airport with four men aboard to visit an offshore drilling rig in the Gulf of Mexico about 65 miles from the airport. The helicopter was never seen again. Appropriate representatives or survivors of three of the riders in the helicopter filed six actions in the Lake Charles Division of the Western District of Louisiana. Each set of representatives and survivors brought a common-law action for wrongful death and an action in admiralty. The reason for the two actions was the fact that the location of the fatal crash was not known. Section 761, 46 U.S.C.,

covering death on the high seas by wrongful act, applies when that act occurs "on the high seas beyond a marine league from the shore of any State, * * *."[1]

Cessna asserted that it was not subject to the service of process in Louisiana and challenged the jurisdiction of the federal court in which the suits had been brought. The plaintiffs then filed the same six actions in the United States District Court for the District of Kansas which concededly has jurisdiction over Cessna. The six Kansas suits were protective to avoid the bar of the statute of limitations in the event that the Western District of Louisiana was determined to be without jurisdiction.

Cessna filed answers in the Kansas cases and initiated various discovery proceedings. The plaintiffs then moved for a stay of the Kansas proceedings until the decision of the Louisiana court on the jurisdictional question and on August 19, 1964, the Kansas court ordered a 90-day stay. On August 26, 1964, the Louisiana court held that it had jurisdiction over Cessna. Cessna then moved the Louisiana court for a change of venue to Kansas or a stay of the proceedings in Louisiana. This motion was denied on October 27, 1964, and on November 4, 1964, the plaintiffs filed a motion in the Kansas court for a transfer of the Kansas cases to Louisiana or in the alternative for a stay of the Kansas proceedings until the disposition of the cases in Louisiana. On March 25, 1965, the Kansas court ordered the cases transferred to Louisiana. On motion of Cessna we granted a stay of that order so that the application for mandamus and prohibition could be heard on its merits. Meanwhile the cases progressed in Louisiana and were set for trial early in July, 1965. At the time of oral argument counsel said that the trials had been continued pending the determination of the application now before us.

Section 1404(a), 28 U.S.C., provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The federal court in Kansas held that both the convenience of parties and witnesses and the interests of justice required the transfer. It held further that the requirement of a transfer only to a court where the action might have been brought was satisfied by the decision of the federal court in Louisiana that it had jurisdiction over Cessna.

■■ Section 1404(a) applies to proceedings in admiralty as well as to ordinary civil actions.[2] Mandamus is an appropriate remedy to test the validity of the transfer order.[3]

■ The provision of § 1404(a) that a transfer may be made to a district "where it [the case] might have been brought" has been troublesome to courts and legal writers. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, 952, holds that a case may not be transferred on the motion of plaintiff to a district where the defendant is not subject to process. This decision was criticized in In re Josephson, 1 Cir., 218 F.2d 174, 185, and has been attacked by the text writers.[4] Nevertheless, the Foster-Milburn approach was accepted by the United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 344, 80 S.Ct. 1084,

1. The record before us indicates that the crash took place about 22 miles from the Louisiana shore but no judicial determination has been made of that fact.

2. Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540.

3. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254. See also Van Dusen v. Barrack, 376 U.S. 612, 615, note 3, 84 S.Ct. 805, 11 L.Ed.2d 945.

4. See 1 Moore, Federal Practice, ¶ 0.145 [6.-1] (2d ed.); 1 Barron and Holtzoff, Federal Practice and Procedure, ¶ 86.2, pp. 413–416 (Wright rev. 1960), and Supp. 1965. p. 192; and Wright, Federal Courts, pp. 143–144.

where the Court held that the words "might have been brought" permit transfer only to a district where plaintiff would have the right, independent of the wishes of the defendant, to bring the action.[5] Accordingly, the cases may not be transferred to the Western District of Louisiana unless Cessna is subject to the process of that court.

Cessna insists that the Western District of Louisiana has no jurisdiction over it, and that, because the plaintiffs have brought the suits in the Kansas district which has jurisdiction, they should be required to proceed there. Plaintiffs counter with the argument that the decision of the Western District upholding jurisdiction over Cessna is determinative and satisfies the "where it might have been brought" requirement of § 1404(a).

It would have been unseemly for the federal district court in Kansas, and it is unseemly for us, to review the decision of the Western District of Louisiana upholding its jurisdiction. The remedy for Cessna lies in the Court of Appeals for the Fifth Circuit. At the same time we are aware of the vigorous contention of Cessna that the Louisiana jurisdiction may not be sustained. The transfer of the Kansas cases to the Western District will add nothing to the jurisdiction of that district. If the cases are transferred and the Court of Appeals for the Fifth Circuit ultimately holds that the Western District does not have jurisdiction over Cessna, the knot of procedural complications will have to be untied in some manner. We see no reason why such complications may not be avoided at this time.

■■ Cessna would have the Kansas cases go forward without regard to the pendency of the Louisiana cases even though the Louisiana cases were filed first. The rule is that the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated.[6] The simultaneous prosecution in two different courts of cases relating to the same parties and issues "leads to the wastefulness of time, energy and money."[7] The defendant's challenge to the jurisdiction of the first court should not change the rule when that court has upheld its jurisdiction and the defendant has a remedy in appeal.

■ In our opinion sound judicial administration requires that the Kansas cases should not be now transferred to Louisiana because of the complications which might result from an ultimate holding that Louisiana is without jurisdiction, and also requires that the Kansas cases should be held in abeyance until the termination of the Louisiana cases and any appeals therefrom. Such action will provide orderly procedure and protect the rights of the parties.

Leave to file the petition for writs of mandamus and prohibition is granted. A writ shall issue forthwith prohibiting the transfer to the Western District of Louisiana, Lakes Charles Division, of the six cases mentioned in the petition and commanding the respondents to hold those cases in abeyance and to take no further action in any of them until the final termination of the related cases now pending in the Western District of Louisiana, Lakes Charles Division, or until the further order of this court.

5. See also Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 22, 80 S.Ct. 1470; and Van Dusen v. Barrack, 376 U.S. 612, 620, 84 S.Ct. 805.

6. National Equip. Rental, Ltd. v. Fowler, 2 Cir., 287 F.2d 43, 45. Cf. Chicago Pneumatic Tool Co. v. Hughes Tool Co., 10 Cir., 180 F.2d 97, 101, certiorari denied 340 U.S. 816, 71 S.Ct. 46, 95 L.Ed. 600.

7. Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 26, 80 S.Ct. 1470.