**STERLING NOVELTY, INC., an Illinois corporation, and Marvin Glasser, an Illinois citizen, Plaintiffs,**

v.

**Gary E. SMITH and Rose Smith, Colorado citizens, and Schummel Novelty Products, a Colorado proprietorship, Defendants.**

No. 88 C 4835.

United States District Court,
N.D. Illinois, E.D.

Dec. 6, 1988.

Loren J. Mallon, Michael A. Glasser, Gottlieb & Schwartz, Chicago, Ill., for plaintiffs.

Sheila M. Murphy, The Murphy Law Firm, Chicago, Ill., Frederic M. Wise, Colorado Springs, Colo., for defendants.

ORDER

BUA, District Judge.

Based on allegations of breach of contract, breach of fiduciary duty, tortious interference with contract, and defamation, plaintiffs filed this diversity action against defendants in the Northern District of Illinois. Pursuant to 28 U.S.C. § 1404(a), defendants have moved to transfer this case to the United States District Court in Colorado. For the reasons stated herein, defendants' motion to transfer is granted.

## I. FACTS

Plaintiff Sterling Novelty, Inc. ("Sterling"), an Illinois corporation, manufactures novelty items. Sterling sells its wares in several states through commissioned sales representatives. Many of Sterling's wholesale accounts are located in the Colorado Springs and Denver area. Plaintiff Marvin Glasser, an Illinois resident, is president of Sterling.

Defendants Gary and Rose Smith are residents of Colorado. In 1983, Sterling and Gary Smith entered into an agreement under which Mr. Smith became a commissioned sales representative for Sterling. Mr. Smith's territory included several western states. Defendant Schummel Novelty Products ("Schummel"), a proprietorship owned by Rose Smith at all times relevant to this lawsuit, was one of Mr. Smith's accounts. Mr. Smith remained employed as Sterling's representative until April 22, 1988, at which time Sterling terminated its relationship with Smith. Shortly thereafter, Sterling and Glasser filed this lawsuit against the Smiths and Schummel.

Sterling complains that Mr. Smith breached the employment contract and breached his fiduciary duties owed to Sterling. In addition, Sterling claims that the Smiths and Schummel tortiously interfered with Sterling's business. In support of these claims, Sterling alleges that Smith: (1) disclosed confidential corporate information to one of Sterling's long-standing customers, Mile High Distributing Co. of Ventura, California ("Mile High"); (2) secretly

acted as a sales representative for one of Sterling's competitors, Rubin Bros. of Omaha, Nebraska ("Rubin Bros."); (3) induced a Sterling employee, Steve Ledford, into working secretly with Smith for Rubin Bros.; and (4) encouraged Mile High not to pay money it owed to Sterling for merchandise purchased from Sterling.

Glasser asserts defamation and libel claims against the Smiths and Schummel. Glasser alleges that the defendants made certain statements to Steve Ownbey of Mile High that impugned Glasser's integrity and prejudiced Glasser's professional reputation.

Defendants have not filed an answer to the complaint. However, in their affidavit to support their motion to transfer, defendants assert that they intend to file counterclaims against Sterling and Glasser based on Sterling's alleged wrongful pricing policies. Defendants aver that Sterling began selling its products to a chain of stores, known as "Six Star Stores," at substantially lower prices than Mr. Smith was able to offer Sterling's other customers. Several Six Star Stores were located in Mr. Smith's territory. According to defendants, these allegedly wrongful pricing policies form the basis for a breach of contract action by Gary Smith against Sterling and an antitrust claim by Schummel against Sterling.

## II. DISCUSSION

Defendants' motion to transfer satisfies the venue prerequisites of 28 U.S.C. § 1404(a). Since all of the defendants are residents of Colorado, venue is proper in the United States District Court in Colorado. 28 U.S.C. § 1391(a) (1982). Since all of the plaintiffs reside in this district, venue is also proper in this court. *Id.* Therefore, venue is proper in both the transferor and transferee courts as required for transfer under § 1404(a). *Carpenter v. Eticam,* 664 F.Supp. 396, 397 (N.D.Ill.1987).

In addition to the venue requirement, § 1404(a) sets out three factors for determining the propriety of a transfer: the convenience of the parties, the convenience of the witnesses, and the interest of justice. Each of these factors must be examined to determine whether transfer is appropriate in this case.

### A. *Convenience of the Parties*

Plaintiffs will be just as inconvenienced if this action is transferred to Colorado as defendants will be if this case remains in Illinois. This situation is not atypical. A change of venue would merely shift the burden of inconvenience from the Smiths and Schummel to Sterling and Glasser. The Smiths maintain that if they are required to litigate this case in Illinois, their increased litigation expenses not only will hinder their defense, but also will bankrupt them. Conversely, plaintiffs argue that Glasser is in poor health and that a trip to Colorado to litigate this case would not be medically prudent. Since the parties in this action would be equally inconvenienced if the case is transferred to their adversaries' resident district, the convenience of the parties neither favors nor militates against transfer. *See Ratner v. Hecht,* 621 F.Supp. 378, 382 (N.D.Ill.1985).

### B. *Convenience of the Witnesses*

In analyzing the convenience of the witnesses, the court must consider not only the number of potential witnesses located in the respective districts, but also the nature and quality of their testimony and whether they can be compelled to testify. *Ratner,* 621 F.Supp. at 382; *Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. 1048, 1051 (N.D.Ill.1982). Both sides expect to call a large number of witnesses. While the parties agree that Ownbey and Ledford are the most important of all these witnesses, analysis of the convenience of Ownbey and Ledford does not aid in determining whether this court should transfer the case. Transfer would benefit Ownbey, since he resides in California, but inconvenience Ledford, who is based in Mississippi. Thus, the court must look to the convenience of the other potential witnesses in deciding whether to transfer this case.

Analysis of the other nonparty witnesses clearly favors transfer. Most of defendants' witnesses are based in Colorado. These witnesses are likely to appear at trial if the case is transferred. On the other

hand, these witnesses have little incentive to travel to Illinois to attend trial. Many of them have indicated to defendants an unwillingness to make such a trip due to expense and absence from their homes and businesses, and this court cannot compel them to travel to Illinois to testify. Although these witnesses may testify through deposition if the case were to remain in Illinois, it is well-settled that the trier of fact should not be forced to rely on deposition evidence when the deponents' live testimony can be procured. *Hotel Constructors*, 543 F.Supp. at 1051. Therefore, the convenience of these witnesses favors transfer of the case.

Sterling urges the court to consider that its witnesses, the majority of whom are Illinois residents, will be inconvenienced if they are required to travel to Colorado to testify. Most of these witnesses, however, are Sterling employees. As such, they have much incentive to travel to Colorado to testify in support of their employer's cause of action. Presumably, Sterling will encourage and support their employees' efforts to make the trip to Colorado. Consequently, these witnesses are likely to testify even though the case is transferred. Therefore, analysis of the convenience of all of the witnesses, taken as a whole, indicates that transfer is appropriate.

### C. *The Interest of Justice*

The interest of justice also supports transfer of this case to Colorado. Under Illinois conflict of law principles, if a contract is to be wholly performed in a jurisdiction different from the place where the contract was made, the law of the place of performance governs the construction and obligations of the contract. *P.S. & E., Inc. v. Selastomer Detroit, Inc.*, 470 F.2d 125, 127 (7th Cir.1972). In the instant case, Mr. Smith's contract with Sterling contemplates Smith's performance in Colorado and Sterling's tender of payment in Colorado. Therefore, Colorado law will apply. This fact supports transfer of the case because issues of local law are best construed by courts most familiar with them. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Environ-*

*mental Services, Inc. v. Bell Lumber & Pole Co.*, 607 F.Supp. 851, 855 (N.D.Ill. 1984).

### III. CONCLUSION

For the foregoing reasons, defendants' motion to transfer this case to the United States District Court in Colorado is granted.

IT IS SO ORDERED.