Burle Edward HILL, Petitioner,

v.

Raymond ROBERTS, et al., Respondents.

No. 89–3090–S.

United States District Court, D. Kansas.

March 30, 1992.

Burle Edward Hill, pro se.

Kyle G. Smith, Kansas Bureau of Investigation, Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In this action, the petitioner alleges his confinement violates his constitutional rights and further alleges (1) the trial court erred in denying his request for a change of venue; (2) the jury was prejudiced by the extensive

media coverage which surrounded the proceedings and its verdict is not supported by the evidence; and (3) his appointed counsel failed to provide effective assistance.

The Attorney General for the State of Kansas has filed an Answer and Return in this matter. Petitioner has filed no traverse.

Having examined the record and considered the arguments of the parties, the court makes the following findings and order.

*Factual Background*

Petitioner was convicted in July 1982 of first degree murder in Crawford County, Kansas, and was sentenced to imprisonment for life.

In March 1982, a body was discovered in Lightning Creek in Crawford County, Kansas. The discovery came after a local resident who was near the creek cutting wood heard a splash and, upon investigation, found the body of a woman among the debris in the creek. The witness reported seeing a truck similar to that driven by petitioner on the bridge over the creek, and authorities began an investigation which led to the arrest of petitioner.

During the trial, petitioner acknowledged the woman, Velma Collins, died in his residence and further acknowledged that he disposed of her body by throwing it into the creek. Petitioner maintained Collins died accidentally, and testified she tripped while carrying two cans of beer and fell on a coffee table in his home. Petitioner testified he did not notify authorities because, having been acquitted of a previous murder charge some five years earlier, he feared being suspected of causing Collins' death.

The medical testimony at trial indicated that the victim suffered injuries before her death which were caused by a great deal of force, more than ordinarily involved in a household accident. One witness analogized the extent of force to that involved in a car accident, and a dentist testified that a blow to the victim's left jaw removed a tooth on the right side of the mouth. The autopsy showed Collins' jaw was broken in two places with the left side completely broken free. This jaw injury was considered the cause of death, as the fracture resulted in an obstruction of the victim's airway, causing suffocation.

Prior to trial, petitioner's appointed counsel unsuccessfully sought a change of venue, arguing there was substantial prejudice against petitioner in the county due to his earlier trial on similar criminal charges, and due to local press and radio coverage which both summarized the testimony given at petitioner's preliminary hearing on the charges regarding Collins' death and set forth details concerning the rape and murder charges of which petitioner previously was acquitted. In addition, petitioner argued the local press coverage inaccurately stated the woodcutter who discovered the body had witnessed the actual disposal of the body and had seen a truck speeding from the area.

*Discussion*

*Motion for Change of Venue*

■ The decision regarding a change of venue lies within the sound discretion of the state trial court. Given the unique position occupied by the trial judge, who has an opportunity to consider the demeanor and responses of prospective jurors, the trial judge's decision that jurors will be able to disregard any impressions based on pretrial publicity is entitled to deference. *Patton v. Yount,* 467 U.S. 1025, 1038–39, 104 S.Ct. 2885, 2892–93, 81 L.Ed.2d 847 (1984). This standard of review dictates that a state trial court's findings regarding jury impartiality may be overturned by a federal habeas court only to correct manifest error. *Mu'Min v. Virginia,* —— U.S. ——, 111 S.Ct. 1899, 1907, 114 L.Ed.2d 493 (1991) (quoting *Patton,* 467 U.S. at 1031, 104 S.Ct. at 2888–89).

■ The right to a trial by jury guarantees criminal defendants "a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961). However, the Constitution does not require that a defendant be tried by a panel of jurors with no previous knowledge of the incidents involved. Instead, "[i]t is sufficient if the

juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Id.* at 723, 81 S.Ct. at 1643.

■ In the instant case, the defendant's motion for change of venue was supported by newspaper accounts and transcripts of radio broadcasts. Petitioner's contention these accounts were factually inaccurate and thus inflammatory is not persuasive. Because he acknowledged disposing of the victim's body, petitioner's claim that broadcasts incorrectly reported a witness to the actual throwing of the body from a bridge is of no significance. Similarly, the significance of pretrial publicity regarding petitioner's criminal history pales in light of petitioner's subsequent testimony at trial that he did not notify police of the victim's death due to his suspected involvement in the earlier murder.

The trial record shows that a panel of 37 prospective jurors was called and a jury of twelve, with one alternate, was impaneled by midday. The voir dire conducted was thorough and included discussion of the pretrial publicity. There were frequent reference to the earlier proceedings against petitioner, and the jurors selected uniformly professed their willingness to consider the evidence with an open mind. While such assurances by prospective jurors are not dispositive, it is the burden of the defendant to demonstrate "the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality." *Irvin,* 366 U.S. at 723, 81 S.Ct. at 1643. The court finds petitioner has failed to demonstrate either that the community was exposed to overwhelming, inflammatory pretrial publicity or that the jurors impanelled were unable to impartially consider the evidence presented and concludes petitioner is entitled to no relief on this claim.

*Sufficiency of the evidence*

■ Petitioner next claims his conviction is not supported by sufficient evidence. In considering such a claim, the federal habeas court's inquiry is limited to a determination whether, viewing the evidence in the light most favorable to the prosecution,

there is sufficient evidence upon which any rational trier of fact would find guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, *reh. denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *Cordoba v. Hanrahan,* 910 F.2d 691 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990).

Having considered the entire record, the court finds sufficient evidence supports petitioner's conviction of murder. Petitioner admits the victim died in his presence and contends her death was accidental. The jury was presented with testimony that the massive injuries suffered by the victim were inconsistent with injuries normally sustained in household falls. Although there was no conclusive evidence, there was some indication skin was found under the victim's fingernails, suggesting a struggle had occurred.

Viewing this evidence in the light most favorable to the prosecution, the court finds a reasonable trier of fact could find guilt beyond a reasonable doubt. Petitioner is not entitled to relief on this claim.

*Ineffective assistance of counsel*

■ Petitioner further claims his trial counsel rendered ineffective assistance to him. Petitioner asserts a number of errors in trial preparation occurred and further asserts broadly that counsel, who previously had been a prosecutor for a number of years, hated petitioner's entire family.

In order to prevail on this claim, petitioner must meet the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part test set forth in *Strickland* requires (1) a showing that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) a showing that counsel's performance was so deficient that defendant did not receive a fair trial. Under *Strickland,* the defendant bears the burden to establish both incompetence and prejudice, and there is a presumption that the attorney's conduct comes within "the

wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

Petitioner specifically states his attorney failed to confer with him appropriately, failed to conduct interviews with physicians prior to trial, misrepresented reports during trial, failed to move for recusal of the trial judge, failed to call witnesses and present evidence beneficial to petitioner, and failed to obtain a complete transcript before appeal. These claims, with the exception of the claim concerning recusal, were presented to the sentencing court in a petition filed pursuant to K.S.A. 60–1507. After an evidentiary hearing, relief was denied, and the Kansas Court of Appeals affirmed the denial. The factual findings of the state courts are entitled to a presumption of correctness. 28 U.S.C. § 2254(d).

A review of the transcript of the evidentiary hearing persuades the court petitioner is entitled to no relief. The allegations made by petitioner are essentially issues of trial strategy and involve the professional judgment of trial counsel regarding the appropriate allocation of resources. Further, petitioner has not shown any of the alleged deficiencies resulted in prejudice. Defense counsel was not obligated to pursue every suggestion made by petitioner in his preparation for trial, and the decisions challenged, such as the decision against filing a motion for recusal of the trial judge, are within the professional judgment of trial counsel. Further, the lack of a complete transcript of the arraignment and opening statements from trial proceedings appears unfortunate but unforeseeable, as the court reporter died before transcribing these portions.

■ Finally, while petitioner urges that his defense counsel was biased against him due a history of other criminal charges filed against petitioner and other members of his family during counsel's tenure as a prosecuting attorney, petitioner again has

not demonstrated prejudice. Defense counsel presented and vigorously advocated petitioner's claim the victim's death was accidental, and the court concludes counsel was able to put aside any personal feelings he may have regarding petitioner or his family in providing effective representation.[1]

### Bias of trial judge

■ Petitioner also claims his trial was unfair due to the bias of the trial judge against him. Prior to the murder charges in question in this matter, petitioner had appeared before the district judge in at least two other criminal matters. The judge also was appeared as a witness under subpoena on behalf of petitioner in the 1977 murder charges of which petitioner was eventually acquitted. Petitioner's argument here appears to be, in essence, that the judge erred in not voluntarily removing himself from the case.

A defendant has a due process right to a trial before an unbiased judge. However, where no actual bias is shown, the validity of a claim of bias turns on "whether the judge's actions could reasonably be viewed as having given the jury the impression that he was partial to the prosecution." *U.S. v. Giraldo,* 822 F.2d 205, 209 (2nd Cir.), *cert. denied,* 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987).

The court finds petitioner's allegations do not establish a basis for relief. Petitioner has failed to identify any prejudicial effect on his trial which resulted from the involvement of the trial judge, and his allegations concerning the trial judge's feelings are subjective and conclusory. While it is no doubt true the petitioner and judge had several contacts in other criminal proceedings, such is often the case in smaller judicial districts. Such contacts do not alone give rise to a presumption of bias. Under the circumstances, there was no basis for the trial judge to remove himself from this matter sua sponte.

---

1. Petitioner alleges his attorney, while a prosecutor, once said all the Hills should be behind bars. At the evidentiary hearing on petitioner's state postconviction motion, counsel was unable to recall whether he had ever made such a statement. He stated only that if he had made such a statement, he would not have permitted his feelings to interfere with his representation of petitioner.

IT IS THEREFORE ORDERED the petition for habeas corpus relief is dismissed and all relief denied.