HILL'S PET PRODUCTS, A DIVISION
OF COLGATE–PALMOLIVE COMPA-
NY, Plaintiff/Counterclaim Defendant,

v.

A.S.U., INC.,
Defendant/Counterclaimant,

v.

VETERINARY COMPANIES OF AMER-
ICA, INC., A New York corporation
and subsidiary of Colgate–Palmolive
Company;

and

Veterinary Companies of America Inc., A
Delaware corporation and subsidiary of
Colgate–Palmolive Company, Counter-
claim Defendants.

Civ. A. No. 92–4094–DES.

United States District Court,
D. Kansas.

Nov. 19, 1992.

Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, Beth K. Cranston and Richard D. Frybel, Morrison & Foerster, Los Angeles, CA, for Hill's Pet Products, Inc.

Mark A. Buck, Gary D. McCallister, Davis, Wright, Unrein, Hummer & McCallister, Topeka, KS, James D. Turner, for A.S.U., Inc.

Marta Fisher Linenberger, Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Veterinary Companies of America, Inc.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion filed by A.S.U. Inc., defendant and counterclaimant, seeking a transfer of venue pursuant to 28 U.S.C. § 1404(a).

Hill's Pet Products, a division of Colgate–Palmolive Company, initiated this action by filing a two-page complaint on April 28, 1992. The complaint alleged that Aquarium Supplies Unlimited, Inc. ("A.S.U."), a California corporation, failed to pay Hill's Pet Products ("Hill's") for goods ordered and received following notice to A.S.U. of Hill's intent to terminate the parties' distributorship agreement. Hill's claimed actual money damages for the alleged breach, plus interest and costs.

On April 29, 1992, the day after Hill filed its complaint in this court, A.S.U. filed a complaint in the United States District Court for the Central District of California against Colgate–Palmolive Company ("Colgate"); Hill's; and Veterinary Companies of America, Inc. ("V.C.A."), a subsidiary of Colgate. The complaint filed in California alleged violations by the defendants of various federal antitrust statutes, including the Sherman Anti–Trust Act, The Clayton Act, and the Robinson–Patman Act. A.S.U. claimed treble monetary damages plus costs and attorneys' fees.

The following day, on April 30, 1992, A.S.U. filed a complaint in California state court against the same defendants, alleging breach of the distributorship agreement by Hill's and Colgate; violation of the California Cartwright Act (Cal. Bus. & Prof.Code § 16700 et seq.); unfair competition, in violation of the California Unfair Practices Act (Cal. Bus. & Prof.Code § 17200 et seq.); breach of the covenant of good faith and fair dealing implied in the distributorship agreement; violation of the California Uniform Trade Secrets Act (Cal. Civ.Code § 3426 et seq.); and intentional interference with A.S.U.'s economic relationship with its customers by depriving A.S.U. of the benefit of the distributorship agreement and by wrongfully terminating the agreement. In the state court action, A.S.U. claimed both actual and punitive damages as well as injunctive relief.

On July 31, 1992, A.S.U. filed its answer and counterclaim in this court to the breach of contract claim filed by Hill's. The answer essentially admitted the allegations of Hill's claim for breach of contract, but contended that its monetary obligation for the goods received from Hill's should be set off against the damages claimed by A.S.U. against Hill's in the court actions pending in California. A.S.U. has also counterclaimed against Hill's and V.C.A., alleging virtually the same claims it alleged as plaintiff in the California proceedings.

The complaint filed in California state court was subsequently removed to federal court. On October 5, 1992, pursuant to the stipulation of the parties, the federal and state claims were consolidated. The United States District Court for the Central District of California stayed proceedings in the consolidated action pending resolution by this court of A.S.U.'s motion for transfer of venue to the court in California.[1] For the reasons set forth below,

---

1. The fact that the California district court issued the stay order does not support an inference that the Kansas district court should retain the action filed by Hill's. Rather, we read the action of the California court as consistent with the rule that the first federal district court that

the court has determined that the motion for transfer of venue has merit and will be granted.

■ The purpose of 28 U.S.C. § 1404(a) is to permit easy change of venue within a unified federal judicial system. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981), *quoted in Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991). Section 1404(a) reads as follows:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[2]

The party seeking transfer of an action pursuant to § 1404(a) has the burden of establishing that the suit should be transferred. *See William A. Smith Contracting Co., Inc. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972); *Houston Fearless Corp. v. Teter,* 318 F.2d 822, 827 (10th Cir.1963); *see also Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992); *Chrysler Credit Corp.*, 928 F.2d at 1515. Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Scheidt v. Klein*, 956 F.2d at 965; *Houston Fearless Corp. v. Teter*, 318 F.2d at 827–28.

■ Whether to transfer venue lies within the sound judicial discretion of the trial judge considering the circumstances of the particular case. *Texas Eastern Transmission Corp. v. Marine Office–Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir.1978); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967). The court has the discretion under § 1404(a) to adjudicate transfer motions according to an individualized, case-by-case consideration of convenience and fairness. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988), *quoted in Chrysler Credit Corp.*, 928 F.2d at 1516. Among the factors to be considered are the plaintiff's choice of forum, the accessibility of witnesses and other sources of proof including the availability of compulsory process to insure attendance of witnesses, the cost of making the necessary proof, the enforceability of a judgment if one is obtained, relative advantages and obstacles to a fair trial, difficulties that may arise from congested dockets, the possibility of conflict of laws issues, the advantage of having a local court determine questions of local law,[3] and "all other considerations of a practical nature that make a trial easy, expeditious and economical." *Texas Gulf Sulphur Co.*, 371 F.2d at 147; *see also Chrysler Credit Corp.*, 928 F.2d at 1516. In considering a motion for change of venue, "the trial court is called upon to carefully weigh the competing equities relied upon by the parties for changing the place of trial." *Hustler Magazine, Inc. v. U.S. District Court for Dist. of Wyoming*, 790 F.2d 69, 71 (10th Cir.1986).

■ Turning to the specific circumstances of this case, the court notes at the outset that a denial of A.S.U.'s motion to

obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated. *See, e.g., Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir.1965); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1164 (10th Cir.) (court that first obtains jurisdiction should be allowed to first decide issues of venue), *cert. denied*, 456 U.S. 1007, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982). Transferring venue to the California federal district court pursuant to 28 U.S.C. § 1404(a) would of course terminate proceedings before this court. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516–17 (10th Cir.1991). Simply because a court first obtains jurisdiction does not mean

it should decide the merits of the case. *Hospah Coal Co.*, 673 F.2d at 1164.

2. The parties do not dispute that Hill's diversity suit for breach of contract could have been brought in California. *See* 28 U.S.C. § 1391(a), (c). A.S.U.'s principal place of business is within the boundaries of the Central District of California.

3. The transfer of a case to another district does not alter the applicable law. The transferee court must apply the same law applicable in the transferor court. *Chrysler Credit Corp.*, 928 F.2d at 1515 (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990)).

transfer would not advance the goal of judicial economy. Indeed, "[t]he simultaneous prosecution in two different courts of cases relating to the same parties and issues 'leads to the wastefulness of time, energy and money.'" *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir.1965) (quoting *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960)). The pendency of related litigation in another forum is a proper factor to consider in resolving choice of venue questions. *E.g., Codex v. Milgo Elec. Corp.*, 553 F.2d 735, 739 (1st Cir.), *cert. denied*, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977). Should this court deny the motion to transfer venue, the California district court would no doubt be presented with a motion by Hill's, Colgate, and V.C.A. to transfer the California action to Kansas. The same factors presently under consideration by this court would be subject to reconsideration by the California district court in the exercise of its discretion. Clearly this litigation will proceed in one forum or the other, and this court is called upon to determine the more convenient forum.

In objecting to A.S.U.'s transfer motion, Hill's relies heavily on the rule that the courts normally defer to plaintiff's choice

of forum. However, the court notes that denying the motion to transfer in order to protect Hill's choice of forum would lead to one of two alternative results, both of which are at least as undesirable as denying Hill's right to choose its forum. Assuming A.S.U. would choose to exercise its venue privilege [4] by proceeding with its antitrust and state law claims in California, two different federal district courts would be simultaneously litigating claims involving virtually the same parties and the same issues,[5] certainly not a desirable outcome from the standpoint of either judicial efficiency or convenience to the parties and witnesses. A.S.U. would be faced with the Hobson's choice of either enduring the inconvenience of litigating its claims in two courts, or waiving its right to select the forum for litigation of its antitrust and California state law claims by dismissing its claims in California and proceeding with its counterclaims in this action.[6] The court is therefore not persuaded in this case that Hill's choice of forum is a controlling factor in the analysis.

Furthermore, there is no genuine dispute as to the obligation of A.S.U. on Hill's claim for payment for goods received. Hence the availability of documentary evi-

**4.** *See Ford Motor Co. v. Ryan*, 182 F.2d 329, 331 (2d Cir.), *cert denied*, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950); *King v. Johnson Wax Assoc., Inc.*, 565 F.Supp. 711, 721 (D.Md.1983); *Ferguson v. Ford Motor Co.*, 89 F.Supp. 45, 51 (S.D.N.Y.1950) (referring to venue privilege afforded plaintiffs by antitrust laws, abuse of which may be corrected by transferring under § 1404(a)), *appeal dismissed sub. nom. Ford Motor Co. v. Ryan*, 182 F.2d 329 (2d Cir.), *cert. denied*, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950). A.S.U. argues that its choice of forum as plaintiff in an antitrust claim is entitled to particular deference by the courts. However, the cases cited by A.S.U. in support of this argument include no Tenth Circuit case, nor any decision of a federal district court within this circuit. In the absence of more persuasive authority than that cited by A.S.U. or disclosed by our own research, this court declines to hold that the venue selection of a private antitrust plaintiff overrides the choice of venue pursuant to 28 U.S.C. § 1391(a) by a plaintiff bringing an earlier diversity action in federal court. Further, the court finds that it is unnecessary to rely on this argument given the other factors favoring transfer of this action.

**5.** Apparently Hill's has not stated a counterclaim in California for breach of contract. However, the answers filed by Colgate, Hill's, and V.C.A. in California stated as one affirmative defense that there was a failure of consideration on the part of plaintiff with regard to the distributorship agreement.

**6.** Although the parties have not identified it as an alternative, this court has the power to sever A.S.U.'s counterclaims pursuant to Fed.R.Civ.P. 21 and transfer them to the California district court, while retaining Hill's claim against A.S.U. for the price of the goods ordered and received. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d at 1519. This alternative would have the benefit of permitting A.S.U., the California plaintiff, the choice of its forum to litigate the antitrust and related actions, while allowing Hill's, the Kansas plaintiff, the benefit of its choice of forum to litigate its breach of contract claim. Nevertheless, the court declines to exercise this alternative in the interest of judicial economy.

dence in Kansas to support Hill's contract claim is not relevant in balancing the advantages and disadvantages of granting transfer. Since the defendants' alleged conduct upon which A.S.U. relies in support of its claims allegedly occurred in California, where both Hill's and V.C.A. do business, the court assumes that most of the evidence related to those claims would be more readily available in California than in Kansas. Any such evidence located at the Kansas headquarters of Hill's could be easily sent to California for purposes of discovery and trial.

With regard to the availability and convenience of witnesses, A.S.U. presented this court with a list of 34 proposed witnesses, of which number 23 are California residents and nine are Kansas residents. Hill's named 13 proposed witnesses who would testify regarding A.S.U.'s anticipated counterclaims,[7] including three California residents and eight Kansas residents. As A.S.U. aptly notes, Hill's witnesses who reside in Kansas are all Hill's employees. Although they may not be subject to compulsory process in California, they would nevertheless be available as witnesses in California as a practical matter because of their employment relationship with Hill's, a defendant in the California litigation. *See Sterling Novelty, Inc. v. Smith*, 700 F.Supp. 408, 410 (N.D.Ill.1988) (most of plaintiff's witnesses were its own employees who were likely to testify even though case transferred). On the other hand, several of A.S.U.'s proposed witnesses who reside in California are employed by either Hill's or V.C.A., a subsidiary of Hill's parent company. Others are employed by entities not parties to this litigation. Those individuals would not be subject to compulsory process in Kansas, nor would they be likely to willingly testify in Kansas on behalf of A.S.U. on its counterclaims against Hill's.

Although the distributorship agreement provides that it is to be enforced in accordance with Kansas law,[8] the California forum is quite competent to apply Kansas law, particularly to an undisputed common law contract claim for payment for goods. On the other hand, the analysis and application of California statutes and common law to resolve A.S.U.'s complex and interrelated state law claims would be much more difficult for the Kansas court than for the California court. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Chrysler Credit Corp.*, 928 F.2d at 1516. The court therefore finds that the advantage of having the California local court determine questions of California law weighs in favor of granting A.S.U.'s motion.

On the whole, the court finds that the factors and equities of this case weigh heavily in favor of transferring venue to the United States District Court for the Central District of California. Contrary to the arguments advanced by Hill's, the court finds that transferring Hill's civil action to California would result in a net increase in convenience of the parties and witnesses. Further, the court finds that granting transfer in this case is in the interest of justice, since the legal issues initially raised by A.S.U. as plaintiff in California are the genuine disputes in the overall litigation.

---

7. Hill's list of witnesses was provided to the court prior to the date A.S.U. filed its answer and counterclaim. Since A.S.U.'s answer does not dispute Hill's claim for payment, Hill's has no need to present witnesses to prevail on its claim.

8. The distributorship agreement did not include a choice-of-forum provision. However, even if the agreement had provided that disputes related to the agreement would be litigated in Kansas, such a provision is not controlling with regard to the court's decision whether to transfer a case pursuant to § 1404(a). *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757–58 (3d Cir.1973); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir.1982) (existence of venue selection clause does not impose absolute duty or right to have every dispute litigated in named forum); *cert. denied*, 456 U.S. 1007, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982). The court is therefore not persuaded by the plaintiff's argument that Kansas has a greater interest in this litigation than does California by virtue of the choice-of-law provision in the agreement. Indeed, the relative interests of the respective states is not a relevant factor in the analysis under § 1404(a).

IT IS BY THE COURT THEREFORE ORDERED that the motion to transfer venue (Doc. 9) is hereby granted.

IT IS FURTHER ORDERED that the clerk shall transmit the court file along with a copy of this order to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).