896 F.Supp. 1063 (1995)
Santiago ARAMBURU, Plaintiff,
v.
The BOEING COMPANY d/b/a Boeing Commercial Airplane Group, Wichita Division Boeing Corporation, and Larry Whitesell, Defendants.
No. 93-4064-SAC.
United States District Court, D. Kansas.
July 6, 1995.
Harold S. Youngentob, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for plaintiff.
Gloria G. Flentje, J. Steven Massoni, Foulston & Siefkin, Wichita, KS, for defendants.

MEMORANDUM AND ORDER
CROW, District Judge.
This case comes before the court upon the defendants' motion for determination of place *1064 of trial (Dk. 115). The plaintiff designated Topeka, Kansas, as the place of trial. The defendants initially designated Wichita, Kansas, as the place of trial. However, the defendants' proposed pretrial order apparently suggests that Topeka be the place of trial. However, a final pretrial order has not yet been entered.
Now that discovery is drawing to a close, the defendants take the position that this case should be tried in Wichita.[1] Although the plaintiff has designated Topeka as the place of trial, the defendants contend that virtually nothing associated with this case, other than the fact that the plaintiff's attorney practices in Topeka, is connected to Topeka. The plaintiff is apparently a resident of Haysville, Kansas, which is located very close to Wichita. The Boeing facility at which the plaintiff worked is located in Wichita. Larry Whitesell is a resident of Wichita. The vast majority of witnesses and documentary evidence are located in Wichita, as are trial counsel for the defendants.
In response, the plaintiff argues that the court should deny the defendants' belated request to try this case in Wichita. The plaintiff contends this court should not cater to the defendants' request as it is primarily for the convenience of the defendants' trial counsel. The plaintiff also argues that it will be difficult to "impanel a jury free of the intimidating presence of Wichita's largest employer." The plaintiff notes that the defendants' employees are in general a peripatetic lot and will likely find the short excursion to Topeka more palatable than the typical long haul to Seattle, Washington, made by Boeing employees.

Determination of Place of Trial
D.Kan.Rule 205 provides in pertinent part:
The court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial.
In considering motions for intra-district transfer, the courts of this district have generally looked to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a), although that statute is inapplicable on its face as Kansas constitutes only one judicial district and division.[2]Curtis 1000, Inc. v. Pierce, No. 94-4086-RDR, 1994 WL 478744, at *1, 1994 U.S.Dist. LEXIS 12410, at *3 (D.Kan. Aug. 25, 1994); see Foster v. Lawrence Memorial Hospital, No. 91-1151-C, 1992 WL 24099, at *5 n. 6, 1992 U.S.Dist. LEXIS 1368, at *15 n. 6 (D.Kan. Jan. 8, 1992) (citing Kirk v. General Motor Corp., No. 88-2342-O, 1989 WL 46685, 1989 U.S.Dist. LEXIS 4422 (D.Kan. March 31, 1989)).
Included among the factors to be considered in evaluating a transfer under § 1404(a), are the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical." Chrysler Credit Corp v. Country Chrysler, Inc., 928 F.2d 1509, 1515-1516 (10th Cir.1991) (quoting Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir.1967)); see Hill's Pet Products v. A.S.U., Inc., 808 F.Supp. 774 (D.Kan.1992) (thorough discussion of the principles governing transfer of venue pursuant to § 1404(a)). "`Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.'" Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir.1992) (quoting William A. Smith Contracting Co. v. Travelers Indem. Co., 467 F.2d 662, 664 (1972); see M.K.C. Equipment Co. Inc. v. M.A.I.L. Code, Inc., 843 F.Supp. 679, 683 (D.Kan.1994) ("Generally, the plaintiff's choice of forum is given great deference. The burden on the party seeking to overcome the preference for the plaintiff's chosen forum is significant.").

Analysis
Based upon the arguments presented, the court is persuaded that it is appropriate *1065 to try this case in Wichita, Kansas. Although the plaintiff's designation of Topeka, Kansas, as the preferred choice for the place of trial is entitled to deference, the balance of other facts and circumstances in this case overrides that single factor. The plaintiff apparently does not dispute the defendants' contention that the majority of witnesses are from the Wichita area. Clearly, the more convenient venue to try this case is Wichita.
The court rejects the plaintiff's contention that he will have more difficulty finding a fair and impartial jury in Wichita than Topeka. The court is confident that the plaintiff's concerns that Wichita residents will be reluctant to hold against Boeing will be adequately addressed during voir dire of the prospective jurors. See Boyer v. Board of County Commissioners, No. 94-4078-SAC, 1995 WL 106346, at *2, 1995 U.S.Dist. LEXIS 3142, at *6 (D.Kan. Jan. 19, 1995). In other cases this court has tried in Wichita involving Boeing as a litigant, fair and impartial juries have been routinely and repeatedly impaneled.
In short, having considered all of the facts and circumstances of this case, the court grants the defendants' motion for determination of place of trial.
IT IS THEREFORE ORDERED that the defendants' motion for determination of place of trial (Dk. 115) is granted. This case will be tried in Wichita, Kansas.
NOTES
[1] The defendants have simultaneously filed a motion for leave to amend the proposed pretrial conference order. See (Dk. 117).
[2] However, the court notes that 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."