Earl H. BUSEY, Jr., Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, KANSAS; Richard Eckert, Shawnee County Counselor; and, Dick Barta, Shawnee County Sheriff, Defendants.

No. 01–4083–JAR.

United States District Court,
D. Kansas.

Oct. 28, 2002.

Jonathan B. Phelps, Margie J. Phelps, Topeka, KS, for plaintiff.

James S. Pigg, Kristine A. Larscheid, David R. Cooper, Fisher, Patterson, Sayler & Smith, Craig C. Blumreich, William A. Larson, Timothy A. Shultz, Gehrt & Roberts, Topeka, KS, for defendants.

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO DESIGNATE KANSAS CITY, KS, AS PLACE OF TRIAL

ROBINSON, District Judge.

This case comes before the Court on plaintiff's motion for intra-district transfer (Doc. 61) pursuant to D. Kan. Rule 40.2. Plaintiff requests that the trial be held in Kansas City, Kansas rather than Topeka, because his connection with former Topeka Sheriff Dave Meneley will render impossible a fair trial in Topeka. For the reasons set forth below, the Court denies plaintiff's motion.

Plaintiff Earl Busey brings this action asserting claims of retaliatory constructive discharge, invasion of privacy, and violation of his First Amendment rights. Plaintiff is a Milo, Missouri, resident while defendants are Shawnee County, Kansas residents. Plaintiff filed this action in Shawnee County District Court, and the defendants removed the action to this court.[1]

---

1. Defendants' motion for removal was granted    pursuant to 28 U.S.C. §§ 1441, 1446 and D. Kan.

Plaintiff contends that he cannot receive a fair trial in Topeka because evidence presented at trial will likely disclose Plaintiff's connection to former Sheriff Dave Meneley, as well as information pertaining to former Sheriff Dave Meneley and the "drug scandal" surrounding his ouster. Extensive coverage of the Meneley scandal in the Topeka Capitol Journal and other Topeka media, will influence and prejudice the jury, Plaintiff argues. Plaintiff also references the trial of Dave Meneley, and urges the Court that an intradistrict transfer should be granted in response to the same publicity concerns relied upon by the Shawnee County District Court in transferring Meneley's trial. Although voir dire might reveal any potential bias, Plaintiff argues, in conducting such voir dire, he might have to "expose" the identity of current undercover narcotics officers whom he worked with at the Sheriff's Department.

■ Under Local Rule 40.2, "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." [2] When considering requests for intradistrict transfer, the court looks to the factors relevant to change of venue motions pursuant to 28 U.S.C. § 1404(a).[3] While, on its face, § 1404 appears inapplicable as Kansas constitutes only one judicial district and division, § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." [4] However, cases are generally not transferred between cities except for the most compelling reasons.[5]

This Court begins its analysis with Local Rule 81.1 which states that any action brought in Shawnee County Kansas, upon notice of removal, shall be filed in the United States District Court in Topeka.[6] Thus, pursuant to Rule 81.1(b), there is a presumption toward retaining Topeka as the trial location as the original action was commenced in Shawnee County District Court.[7]

Turning to the § 1404(a) analysis, a district court should consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical." [8] The burden of proving that the existing forum is inconvenient lies with the moving party.[9]

■ The plaintiff has not met the burden of proving that Topeka is an inconvenient site for trial. First, the plaintiff did not sufficiently address any factor other than the possibility of obtaining a fair trial in Topeka. Plaintiff does not disagree that the majority of the parties, witnesses and sources of proof are located in Topeka and thus more convenient to a Topeka trial location.

Second, the plaintiff has not convinced the Court that he is unable to obtain a fair trial in Topeka. Plaintiff urges that his situation is analogous to that of Dave Meneley's, which required transfer due to concerns over the ability of Meneley to obtain a fair trial. Meneley's trial was transferred due to publicity concerns which had the potential to bias local jurors. Plaintiff, however, has failed to sufficiently draw the analogy between his position and that of Meneley's. Plaintiff has neither demonstrated that his role in the Meneley "drug scandal" was as significant as Meneley's, nor shown that the publicity con-

Rule 81.1.

2. D. Kan. R. 40.2.

3. *Lavin v. Lithibar Co.*, No. 01–2174–JWL, 2001 WL 1175096, at *1 (D.Kan. Sept.19, 2001); *Wiggans v. Hartford Life & Accident Ins. Co.*, No. 02–2080–JWL, 2002 WL 731701, at *2 (D.Kan. Apr. 15, 2002).

4. *Lavin*, 2001 WL 1175096, at *1 n. 1.

5. *See, e.g., Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992).

6. *See* D. Kan. R. 81.1(b).

7. *Id.* (citing *Cache, Inc. v. Scitech Med. Prods.*, No. 89–4028–R, 1990 WL 41407, at *2 (D.Kan. Mar.19, 1990)).

8. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir.1991) (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)).

9. *Scheidt*, 956 F.2d at 965 (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

cerns from a "drug scandal" that took place over a year ago will have a deleterious effect on a jury today. It is also noteworthy that the United States District Court in Topeka does not limit its jury pool to those jurors hailing from Shawnee County, but sequesters jurors from more than fifteen different Kansas counties,[10] thus drastically reducing the chances of selecting jurors who have been impacted by the drug scandal. The fact that this Court draws from such a wide variety of counties should sufficiently dilute any potential bias in the jury pool; any remaining questions of bias regarding potential jurors may be dealt with in voir dire.[11] Further, the Constitution does not require that a case be tried by a panel of jurors with no previous knowledge of the events involved.[12] Rather, "it is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." [13]

Finally, a transfer to Kansas City would result in inefficiency and delay. In addition to creating increased expense for the parties and witnesses, there would be increased delay in terms of fitting this trial into the calendar in Kansas City, which is as busy as Topeka's. Although there is a presumption that the plaintiff's choice for trial should not be disturbed, the Court finds that the balance of the relevant § 1404(a) factors overrides that presumption. While the difference in convenience between traveling to Topeka as opposed to Kansas City is minimal for the plaintiff, there is more than minimal inconvenience to the other parties and witnesses, who are located in or near Topeka. Considering the totality of the factors examined under § 1404(a), the Court concludes that the plaintiff's request for intra-district transfer is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for intra-district transfer (Doc. 61) is DENIED.

IT IS SO ORDERED.

---

10. Local Rule 38.1 states that trials held in the United States District Court in Topeka, KS, shall pull jurors from the following counties: Brown, Chase, Clay, Dickinson, Geary, Jackson, Jefferson, Lyon, Marshall, Norris, Nemaha, Osage, Pottawatomie, Riley, Shawnee, Wabaunsee and Washington. D. Kan. R. 38.1.

11. *Aramburu v. Boeing Co.*, 896 F.Supp. 1063, 1064 (D.Kan.1995); *Wallace v. Beech Aircraft*

*Corp.*, No. 96–4128–SAC, 1997 WL 723436, at *6 (D.Kan. Oct.22, 1997).

12. *Hill v. Roberts*, 788 F.Supp. 515, 516 (D.Kan. 1992).

13. *Irvin v. Dowd*, 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).