TEXAS GULF SULPHUR COMPANY, a Texas corporation, and Charles F. Fogarty, Petitioners,

v.

The Honorable Willis W. RITTER, Chief Judge of the United States District Court for the District of Utah, and George Gordon Reynolds, Respondents.

No. 9118.

United States Court of Appeals Tenth Circuit.

Jan. 3, 1967.

Calvin A. Behle, Salt Lake City, Utah (Keith E. Taylor, of Parsons, Behle, Evans & Latimer, Salt Lake City, Utah, on the brief), for petitioners.

Parker M. Nielson, Salt Lake City, Utah (A. Reed Reynolds of Clyde, Mecham & Pratt, Salt Lake City, Utah, on the brief), for respondents.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and KERR, District Judge.

HILL, Circuit Judge.

This original action was filed pursuant to our Rule 28, seeking to prohibit respondent from proceeding to try an action pending in the District of Utah, and to compel him to transfer the case to the Southern District of New York under 28 U.S.C. Section 1404(a); and, to either dismiss the action as to a named defendant, Charles F. Fogarty and to quash the service of summons as to him or to transfer the case, as to him, to the above named district under either of sections 1406(a) or 1404(a) of 28 U.S.C.

A brief summary of the uncontroverted facts of the pending action is necessary for a proper consideration of questions presented here.

George Gordon Reynolds filed the action under the provisions of section 27 of the Securities Exchange Act (15 U.S.C. § 78aa) alleging violations of 15 U.S.C. § 78i(a) and (e) and 78j and Rule 10b–5 of the Securities Exchange Act. He also alleges residence in Utah; that he is a former stockholder of defendant company, Texas Gulf Sulphur Company; that defendant company is a Texas Corporation qualified to do business in Utah, with its principal business office at Mohab, Utah; that defendant Fogarty is a resident of Rye, New York, and a director and executive vice president of defendant company; that he sold his stock in the company through a local Utah brokerage house on April 16, 1964, after reading a press release dated April 12, 1964, which was released to the news media by the defendants in New York and appeared in an issue of the Wall Street Journal received by him in Salt Lake City; that statements contained in the press release misrepresented relevant facts concerning mineral prospecting activities of the company near Timmons, Ontario, Canada; and that such misrepresentations were violations of the S.E.C. Act.

■■ Writs of mandamus and prohibition are drastic and extraordinary remedies and should be issued sparingly by appellate courts. When used against a trial court, there must be a clear showing of abuse of discretion by the trial court and the right to such relief must

appear clear and undisputable.[1] It may fairly be stated that this court has "been extremely reluctant to find an abuse of discretion by the district court" and we are not convinced this is an appropriate case for the granting of such extraordinary relief.[2]

The transfer of pending civil cases from one district to another is governed by 28 U.S.C. § 1404(a) which provides "(a) for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden of establishing that the suit should be transferred is upon the movant and unless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed. The transfer lies within the sound judicial discretion of the trial judge and his determination should not be rejected unless the appellate court can say there has been a clear abuse of discretion.[3] The circumstances of each particular case must be examined by the trial judge in the exercise of his discretionary power under section 1404(a) to order a transfer. Among the factors he should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[4]

Petitioners point out that nearly 100 cases arising from the same factual background from which Reynolds' case arose are now pending in the state and federal courts in New York City; that more than half of that number are in the federal district court in the Southern District of New York, some having been originally filed there and others having been transferred there from other federal courts; all of these cases in that court have been assigned to a single judge for discovery and trial; the principal office of Texas Gulf is in New York City and its officers reside there; the files and records of the company are kept there; and Texas Gulf and the anticipated witnesses in its behalf would suffer great inconvenience and unnecessary expense if the action is tried in Utah.

On the other side of the scale the facts show that Reynolds, a man seventy years of age, is a resident of Utah and selected that forum; Texas Gulf has substantial operations in Utah, including a plant

1. Professor Moore succinctly summarizes the respective positions of most of the Circuits, 7A Moore, Federal Practice, Judicial Code, page 614:

"But are exceptional circumstances present if the trial court properly considers the statutory criteria, and is alleged only to have abused its discretion in granting or denying a motion to transfer? The courts of appeal have set forth conflicting views. The Fourth, Fifth, Sixth, Seventh and District of Columbia Circuits have recognized that their power of review by a prerogative writ includes the situation where there is a clear abuse of discretion. The First, Third and Eighth Circuits refuse to inquire into the district court's discretion in ordering or denying a transfer. The Second Circuit recognizes the power, but some decisions indicate it is to be reserved for the really extraordinary case. ¶0.147. While the views of the circuits may differ in theory, all circuits have been extremely reluctant to find an abuse of discretion by the district court. But cf. Chicago, Rock Island & Pac. R.R. v. Igoe (CA 7th, 1955) 220 F2d 299."

2. Houston Fearless Corporation v. Teter, 10 Cir., 318 F.2d 822, 827; Chicago, Rock Island & Pacific Ry. Co. v. Hugh Breeding, Inc., 10 Cir., 232 F.2d 584.

3. Ibid.

4. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

where the Canadian minerals taken from core drills were assayed; the expert witnesses for Reynolds and other witnesses to be used by him to prove many of the circumstances surrounding his sale of stock reside in Utah; the receipt in interstate commerce of the press release and the publication of it relied upon by Reynolds were in Utah; New York City, as a place of trial, would be inconvenient and expensive to Reynolds and his witnesses; and, from the record it is apparent to us that this case is not a complicated case likely to result in a prolonged trial involving new or novel legal theories or requiring any unusual or extensive discovery procedures.

█ █ Some discussion is appropriate here concerning the sufficiency of the affidavit of William D. Conwell filed in the trial court in support of the motion to transfer. In view of the heavy burden imposed upon the movant, the factual content of a supporting affidavit is very important. In Chicago, Rock Island & Pacific Ry. Co. v. Hugh Breeding, Inc., 10 Cir., 232 F.2d 584, this court held such an affidavit insufficient because it contained only conclusions about the inconvenience to witnesses and did not fully set out the testimony of the proposed witnesses so as to enable the trial judge to pass on the materiality of such proposed testimony. A careful reading of the affidavit filed in this case reveals the same defect with respect to the testimony of proposed witnesses who, it is alleged, would have to be brought to Utah for the trial. The same is true as to documents referred to in the affidavit. It also refers to the numerous pending actions in New York to support the transfer and contains only the bare conclusion that such actions are similar to this case. We believe before the trial judge should be required to give credence to the affidavit's allegation of similarity of cases the facts alleged and relied upon and the legal theories espoused in the so-called similar cases should be before him. The affidavit also makes much of the importance of discovery, with all of the

cases in one forum. Likewise, we are not impressed with this portion of the affidavit. It does not reveal the nature or extent of the present discovery procedure in New York or any benefit that might flow from it to Reynolds. As we view the lawsuit there will be little discovery necessary on the part of the plaintiff, as well as the defendants.

█ We are convinced the trial judge carefully weighed all the proper factors in ruling upon the motion and did not abuse his judicial discretion in denying the transfer. The record shows he gave consideration to the convenience of both the parties and the witnesses; the resulting consequences if the plaintiff was deprived of his choice of forum and compelled to travel nearly across the continent to pursue his litigation; and, properly balanced those considerations against all of the other relevant factors favorable to the defendants' desire to have the litigation carried on at their own doorstep. Even if we could say the Conwell affidavit is factually sufficient to justify consideration by the trial court, we would not be persuaded that there has been an abuse of discretion.

We pass now to the attack by Fogarty upon venue in the District of Utah and his attempt to quash the service of summons.

The cause of action below is founded on acts of the defendants alleged to be violations of 15 U.S.C. § 78j and venue of such civil suits must be determined in accordance with 15 U.S.C. § 78aa. Such an action may be brought in the district where any act or transaction which constitutes the alleged violation occurred or in any district where the defendant is found or is an inhabitant or transacts business. In addition, service may be had upon the defendant in any district where he is an inhabitant or may be found.

Applying those legal conclusions to this case, venue as to both defendants will lie in the Utah District if any of the acts or transactions complained of took place in

that district. If venue lies in Utah for that reason, valid process may be had on Fogarty personally "in any other district of which the defendant is an inhabitant or wherever the defendant may be found." [5] Venue and process are good as to the corporate defendant because, without dispute, it transacts business in Utah.

At the present stage of the case in the trial court, we must look first to the allegations of the complaint concerning venue of the action. The plaintiff alleges there "Venue of this action lies with this court because various acts, or transactions constituting the offense herein, including the publication of news releases and acts incident to the sale of the stock referred to herein, occurred within the State and District of Utah." The plaintiff also alleges the release of a false and fraudulent press release, upon which he relied after reading the same in the Wall Street Journal in Salt Lake City, which newspaper had been transmitted to him through the United States mails. In addition the plaintiff contends this press release came to Salt Lake City on the Dow-Jones broad tape. The case has not reached the evidentiary and fact-finding stage and we do not here make any final determination of the facts necessary to prove venue, but we believe the trial court, upon the allegations of the complaint and the statements of counsel in open court, was justified in overruling the motion attacking venue.

In conclusion, it should be recited that petitioners have moved to strike the affidavit attached to respondents' answer and the appendix to respondents' brief filed herein. We have not found it necessary to give consideration to either the affidavit or appendix, therefore, the motions to strike are granted.

Issuance of either a Writ of Prohibition or Mandamus, as prayed for, is denied, and the action is dismissed.

5. Stevens v. Vowell, 10 Cir., 343 F.2d 374; Paul H. Aschkar & Company v. Curtis, 9 Cir., 327 F.2d 306; Hooper v. Mountain States Securities Corporation, 5 Cir., 282 F.2d 195.