**Gernot KRAFT, Plaintiff,**

v.

**Mildred HOSKINS, Also known as Mildred Haskins, Defendant.**

**Civ. A. No. 519–69–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

March 5, 1970.

Guy E. Daugherty, Howell, Anninos & Daugherty, Norfolk, Va., for plaintiff.

Joseph A. Gawrys, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendant Hoskins.

J. Carroll Fears, Taylor, Gustin, Harris, Fears & Davis, Norfolk, Va., for defendant Criterian Insurance Co.

## ORDER

KELLAM, District Judge.

Plaintiff, a resident of Virginia, in this diversity action seeks to recover damages from defendant, a resident of North Carolina, for injuries sustained in an automobile accident which occurred January 10, 1969, on U.S. Route No. 17, north of Elizabeth City, North Carolina, not far from the Virginia State Line.

Defendant filed (a) motion under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss for lack of venue, or in any event (b) to transfer the action to the Eastern District of North

Carolina, Elizabeth City Division for trial.

We must first determine the venue issue, for the "doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504, 67 S.Ct. 839, 841, 91 L.Ed. 1055.

Defendant propounded interrogatories to plaintiff concerning his residence. Plaintiff answered saying he attended public school in Virginia from January 1964, through June 1966; that he enlisted in the Navy in Virginia; that he has claimed Virginia as his residence since January 1964; has since that time and does now maintain a residence in Virginia; that he filed a state income tax in Virginia; and that his service records show Virginia as his home. There is no evidence to the contrary.

 Title 28, § 1391(a), U.S.C.A. provides that when jurisdiction for a civil action is based solely on diversity of citizenship the action may be brought only in the judicial district where all plaintiffs or all the defendants reside, or in which the claim arose. When the question of venue is raised, the burden rests upon the plaintiff to support the venue. United Industrial Corp. v. Nuclear Corp. of America, 237 F.Supp. 971, 979 (D.C.Del.1964), and cases there cited; Hawkins v. National Basketball Asso., 288 F.Supp. 614, 615 (W.D.Pa. 1968). See also Time, Inc. v. Manning, 366 F.2d 690 (5th Cir. 1966). The plaintiff has established a proper venue in this case.

We then turn to defendant's motion under Title 28, § 1404(a) U.S.C.A., which provides for a transfer of a civil action to another district or division "for the convenience of the parties and witnesses, in the interest of justice." Plaintiff is a citizen of Virginia. Defendant is a citizen of North Carolina, but also has a home in Chesapeake, Virginia. She is employed in Accomack County, on the Eastern Shore of Virginia. While the accident occurred in North Carolina, it was near the Virginia Line. The police officer resides in North Carolina, but most of plaintiff's medical treatment was in Virginia. It does not appear the parties or witnesses will be inconvenienced by a trial in Virginia as opposed to Elizabeth City, North Carolina. The burden of proof in a motion for change of venue under Title 28, § 1404(a) U.S.C.A. "is on the movant." Swanson v. Badger Mutual Insurance Company, 275 F.Supp. 544, 547 (N.D.Ill.1967), Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967); Time, Inc. v. Manning, supra, 366 F.2d 698. Unless "the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, supra, 330 U.S. 508, 67 S.Ct. at 843; Texas Gulf Sulphur Co. v. Ritter, supra, 371 F.2d 147. Plaintiff's "privilege to choose, or not be ousted from, his chosen forum is highly esteemed." Time, Inc. v. Manning, supra. Weighing the facts in light of the applicable law, I am of the opinion that plaintiff's choice of forum should prevail, and the motion to transfer is denied.