790 F.2d 69
 HUSTLER MAGAZINE, INC., a California corporation; Flynt
Distributing Company, Inc., a California
corporation; and Larry C. Flynt, a
citizen of California,
Petitioners, (Defendants)
v.
UNITED STATES DISTRICT COURT For the DISTRICT OF WYOMING,
the Honorable Clarence A. Brimmer, Respondent.
Andrea Dworkin, a citizen of New York, Real Party in
Interest, (Plaintiff).
 No. 86-1418.
 United States Court of Appeals,
Tenth Circuit.
 May 7, 1986.
 
 Alan L. Isaacman, of Cooper, Epstein & Hurewitz, Beverly Hills, Cal. (David O. Carson, of Cooper, Epstein & Hurewitz, Beverly Hills, Cal., and Paul B. Godfrey and George Powers, of Godfrey & Sundahl, Cheyenne, Wyo., on brief), for petitioners.
 Clarence A. Brimmer, Chief Judge of the United States District Court for the District of Wyoming, respondent.
 Gerry L. Spence, (Gary L. Shockey, on brief), of Spence, Moriarity & Schuster, Jackson, Wyo., for real party in interest (plaintiff).
 Before McKAY, MOORE and TACHA, Circuit Judges.
 James P. MOORE, Circuit Judge.
 
 
 1
 Petitioners seek a writ of mandamus compelling the district court to transfer this case from the District of Wyoming to the Central District of California on grounds that the latter locus would be more convenient to the witnesses. Since the district court refused to consider this motion, we direct that it do so.
 
 
 2
 The underlying diversity action was brought by Ms. Andrea Dworkin against Hustler Magazine, Inc., Flynt Distributing Co., Inc., and Larry Flynt seeking damages on theories of libel, invasion of privacy, intentional infliction of emotional distress, outrage, and interference with her First Amendment rights. The suit was commenced in Wyoming state court and removed by petitioners to the United States District Court. Diversity jurisdiction lies because plaintiff is a resident of the state of New York and petitioners are domiciled in California.
 
 
 3
 Petitioners have moved to transfer the case pursuant to 28 U.S.C. Sec. 1404(a), claiming none of the parties had contacts with Wyoming and the convenience of the defendants and their witnesses would be better served by transferring the case to Los Angeles. The motion was called for hearing in conjunction with other motions. While setting out the time to be accorded to the arguments, the district court stated:
 
 
 4
 The motion for change of venue, I think it is silly to even argue. I'm going to deny it. I don't believe--I read your pleadings and considered it and I don't believe in passing our problems on to other districts. You've all indicated that you agree that we have jurisdiction. That being the case, we will handle our own problems and you shouldn't waste your time on it.
 
 
 5
 With this conclusion, the motion was denied.
 
 
 6
 The first question we must address is whether mandamus will even lie in this situation. In the past, we have said that the writ would issue only on "a clear showing of abuse of discretion." Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 146 (10th Cir.1967). Yet, we have also said: "Mandamus is an appropriate remedy to test the validity of the transfer order." Cessna Aircraft Co. v. Brown, 348 F.2d 689, 691 (10th Cir.1965). Cognizant that a thorny thicket abounds in this area,[1] we are reluctant to compound the tangle. Suffice it to say, the petitioners have properly brought before us for relief a case in which the trial court's refusal to consider the issue of transfer must be addressed. At the same time, we do not suggest that every ruling on a motion to transfer under Sec. 1404(a) is fertile ground for extraordinary relief.
 
 
 7
 We grant the petition here because the trial judge did not give the petitioners a fair opportunity to establish that the interests of justice and the convenience of the parties and the witnesses mandated a change of venue. We commend the trial court for its interest in not foisting its burdens onto others, but that is not the test prescribed by 28 U.S.C. Sec. 1404(a). Unfortunately, it appears the court failed to give air to those facts which the petitioners assert entitle them to a transfer of the place of trial. After hearing those facts, the trial court can, in the exercise of its discretion, more properly decide whether the motion is to be granted. See Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561 (10th Cir.1978).
 
 
 8
 When the court refused to even hear the petitioners' case for transfer, it abused its discretion. When a motion for change of venue is filed pursuant to Sec. 1404(a), the trial court is called upon to carefully weigh the competing equities relied upon by the parties for changing the place of trial. Under the peculiar circumstances of this case, in which none of the parties and only one witness has any connection with or residence in Wyoming, the necessity for a hearing cannot be gainsaid.
 
 
 9
 Although we do not suggest to the district court how its discretion should be exercised, we do mandate that it proceed to grant the parties a full and adequate hearing on the subject. The petition for writ of mandamus is granted.
 
 McKAY, Circuit Judge, concurring:
 
 10
 I fully concur with the panel opinion. I write separately, however, to clarify why I believe this case presents extraordinary circumstances justifying mandamus relief.
 
 
 11
 The remedy of mandamus is "a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam). Consistent with the policy against piecemeal appellate review, the Supreme Court has said that "[o]nly exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." Id. at 35, 101 S.Ct. at 190. Although the circuits differ on the availability of mandamus to challenge orders granting or denying a change of venue, all the circuits have been "extremely reluctant" to review such orders by mandamus. Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 n. 1 (10th Cir.1967); 1 Moore's Federal Practice p 0.147 at 1708. Mandamus review has been approved, however, "to prevent abuses of a district court's authority to transfer a case," In Re Chatman-Bey, 718 F.2d 484, 486 (D.C.Cir.1983) (per curiam); when a change of venue is ordered without argument or opportunity for a hearing, Fine v. McGuire, 433 F.2d 499, 501-02 (D.C.Cir.1970) (per curiam); in "really extraordinary situations," In re Josephson, 218 F.2d 174, 183 (1st Cir.1954); "to redress a clear-cut abuse of discretion," A. Olinick & Sons v. Dempster Brothers, Inc., 365 F.2d 439, 445 (2d Cir.1966); when "the right of the party seeking mandamus is clear and indisputable, [a standard which] requires considerably more strained circumstances than does a mere abuse of discretion," In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir.1984); and when the trial court's action was "without any possible basis for judgment of discretion, so as legally to involve abuse of judicial power and responsibility." Toro Co. v. Alsop, 565 F.2d 998, 1000 (8th Cir.1977).
 
 
 12
 This court has said that mandamus is available to review the validity of a transfer order only upon "a clear showing of abuse of discretion." Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 146 (10th Cir.1967). The Ninth Circuit has commented that the "abuse of discretion" standard is a "nebulous criterion [which] serves neither the trial judge who must abide by it nor the litigant who must frame his appeal in terms of it." Casey v. Molybdenum Corp. of America, 408 F.2d 16, 20 (9th Cir.1969). The court went on to explain that
 
 
 13
 [w]e decline to issue the writ when it appears from a well-reasoned holding by the trial judge that he has considered the issues listed in 1404(a) and has made his decision accordingly. It is not our function to substitute our judgment for that of the judge most familiar with the problem.... However, we can--and must--prevent injustice by demanding that trial judges respect the standards of the statute.
 
 
 14
 Id.
 
 
 15
 Saying that we will invoke our mandamus jurisdiction only on "a clear showing of abuse of discretion" is merely a shorthand way of saying that we will not disturb the trial court's decision if it has exercised its discretion according to the criteria set forth in section 1404(a). If the trial court indicates it has considered these factors, mandamus should not lie to correct an error in the district court's judgment. See Loew's, Inc. v. McGuire, 205 F.2d 719 (D.C.Cir.1953); cf. Thermtron Products v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). I agree with Judge Goodrich who, speaking for the Third Circuit, said:
 
 
 16
 The second danger which threatens the usefulness of Section 1404(a) comes from the appellate courts. It is settled in this Circuit and elsewhere that an order either making a transfer or refusing a transfer is not appealable. Now the effort is being made both in this court and elsewhere to substitute for appeal a review by mandamus whenever the losing party on a motion to transfer wants an advance review of the ruling on this point.
 
 
 17
 We think that this practice will defeat the object of the statute. Instead of making the business of the courts easier, quicker and less expensive, we now have the merits of the litigation postponed while appellate courts review the question where a case may be tried.
 
 
 18
 Every litigant against whom the transfer issue is decided naturally thinks the judge was wrong. It is likely that in some cases an appellate court would think so, too. But the risk of a party being injured either by the granting or refusal of a transfer order is, we think, much less than the certainty of harm through delay and additional expense if these orders are to be subjected to interlocutory review by mandamus.
 
 
 19
 We do not propose to grant such review where the judge in the district court has considered the interests stipulated in the statute and decided thereon.
 
 
 20
 All States Freight, Inc. v. Modarelli, 196 F.2d 1010, 1011-12 (3d Cir.1952) (footnotes omitted).
 
 
 21
 What makes it necessary to exercise our very limited mandamus jurisdiction in this case is that the trial court's only consideration of the venue issue was that the motion was "silly." The court did not match the case to the statutory standards, and the motion is far from "silly." Since jurisdiction in this case is not founded solely on diversity of citizenship, 28 U.S.C. Sec. 1391(b) determines where venue was proper in the first instance. That statute provides:
 
 
 22
 A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.
 
 
 23
 Since it appears from the limited record that at no time during the pendency of this lawsuit have all defendants or all plaintiffs resided in a single judicial district, venue was proper in Wyoming only if that is "where the claim arose." Wherever the claim did arise in this case, it certainly was not in Wyoming. See Leroy v. Great Western United Corp., 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979); Davis v. Costa-Gavras, 580 F.Supp. 1082 (S.D.N.Y.1984); Pfeiffer v. International Academy of Biomagnetic Medicine, 521 F.Supp. 1331 (W.D.Mo.1981). Thus, Wyoming is not only an inconvenient forum for petitioners, but it is also an improper one under section 1391(b).
 
 
 24
 We have made no attempt to consider what our judgment would be on an appeal after trial--only what is permitted in the rarefied environment of mandamus review. On remand, the trial court may consider numerous factors as relating to "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. Sec. 1404(a); see generally 15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure Sec. 3847-54 (1986). On balance, these factors may lead the trial court to conclude that petitioners' motion for change of venue should be denied. But until the trial court affords petitioners a full hearing on this issue, and conscientiously considers the factors set forth in Sec. 1404(a), it has not fulfilled its statutory duty. In these circumstances, it is appropriate for us to invoke the extraordinary remedy of mandamus to compel the district court to exercise its discretion under the statute.
 
 
 
 [1]
 See generally 15 Wright, Miller and Cooper, Federal Practice and Procedure Sec. 3855 (1976)