**RECOVERY PROCESSES INTERNATIONAL, INC., a Utah corporation, Plaintiff,**

v.

**HOECHST CELANESE CORPORATION, a Delaware corporation, Defendant.**

No. 94-C-0158-S.

United States District Court,
D. Utah,
Central Division.

July 5, 1994.

---

John B. Maycock, John B. Maycock Law Offices, Salt Lake City, UT, for plaintiff.

J. David Nelson, Nelson, Snufer & Dahle, Sandy, UT, John St. Clair White, L. Franklin Elmore, Ogletree, Deakins, Nash, Smoak & Stewart, Greenville, SC, for defendant.

## MEMORANDUM DECISION

SAM, District Judge.

This matter is before the court on defendant's Motion to Dismiss Pursuant to Rule 12(b)(2) or, in the alternative, Motion to Change Venue pursuant to 28 U.S.C. § 1404(a), or Motion for Partial Dismissal of Plaintiff's Claims Pursuant to Rule 12(b)(6). The court has considered the parties' pleadings and pursuant to D.Ut. 202(d) shall determine the motions on the basis of the written memoranda of the parties without the assistance of oral argument.

## I. Factual Summary

On motions to dismiss for lack of personal jurisdiction, the court must consider the nature and extent of the nonresident defendant's contacts with the forum state. Plaintiff's and defendant's contacts relative to the transaction forming the basis for this litigation include the following:

January 1991: Plaintiff (in Utah) contacted defendant (in North and/or South Carolina) in an attempt to interest defendant in recycling technology allegedly developed and owned by plaintiff.

January or February 1991: Three employees of defendant traveled from South Carolina to Utah at plaintiff's invitation to meet with plaintiff and discuss the technology.

February—December 1991: Negotiations between the parties regarding purchase of the technology. During the negotiation period many contacts were by telephone. Employees of the plaintiff also traveled to North and/or South Carolina to negotiate the agreement. The agreement was prepared by plaintiff in Utah and sent to defendant in North Carolina. Defendant made changes and the agreement went back and forth until it was finalized.

December 1991: Agreement signed by plaintiff in Utah and sent to defendant for signature in North Carolina.

1992–1993: Installation of equipment and payment under terms of agreement ensued. Equipment was designed and manufactured in Utah by engineers employed by plaintiff and shipped to defendant in South Carolina at defendant's expense. Invoices, purchase orders and payments were sent by mail back and forth between South Carolina and Utah.

May 1993: Defendant sent plaintiff a notice of termination of the agreement. Various breach of contract complaints thereafter filed.

The court also considered defendant's activities in Utah unrelated to this transaction. Defendant has a printing products division with one customer in Utah, a salesman that covers Utah, other customers who have distributors who are not based in Utah but have branch offices in Utah. Defendant has no offices or places of business in Utah and is not licensed to do business in Utah.

In addition, the parties' briefs represent that there have been mechanics liens filed in South Carolina against plaintiff and defendant, and cross-complaints filed by defendant against plaintiff for breach of contract, indemnity and contribution. Plaintiff prevailed on a summary judgment motion in these South Carolina actions relating to defendant's right to keep and/or use the technology and equipment installed in defendant's South Carolina plant.

## II. Legal Analysis

■ To determine the existence of personal jurisdiction the court looks to the law of the forum state. The statutory provision at issue in this case is Utah Code Ann. § 78–27–24(1) relating to business transacted in the state by the nonresident defendant. The Utah legislature has declared that the Long–Arm Statute should be applied to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. Due process "mandates consideration of: (1) whether the cause of action arises out of or has a substantial connection with the activity; (2) the balancing of the convenience of the parties and the interest of the State in assuming jurisdiction; and (3) the character of the defendant's activity within the State." *Ted R. Brown and Assoc., Inc. v. Carnes Corp.,* 611 P.2d 378, 380 (Utah 1980).

■ Due process requires that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977). The requirement of fair warning

is "satisfied if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' these activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) [citations omitted]. The unilateral activity of the plaintiff in reaching beyond the forum cannot create jurisdiction. *Burger King,* 471 U.S. at 474, 105 S.Ct. at 2183. *See also Union Ski Co. v. Union Plastics Corp.,* 548 P.2d 1257 (Utah 1976) (no personal jurisdiction found in case with contacts similar to those in the instant case where plaintiff was the party who initiated contact). The defendant, by its own acts must purposefully avail itself of the "privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958); *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183–84.

### A. Personal Jurisdiction

■ Although it is apparent that plaintiff initiated contact with the defendant, the court finds defendant's contacts with Utah to be numerous, intentional and otherwise sufficient to confer jurisdiction over the defendant. The court finds the circumstances surrounding the parties' negotiations to be sufficient to put the defendant on fair warning that its activity may subject it to the jurisdiction of the Utah courts.

Accordingly the court denies defendant's motion to dismiss for lack of personal jurisdiction.

### B. Motion for Dismissal of Plaintiff's Claims for Injunctive Relief

■ In one of the actions proceeding in South Carolina, plaintiff prevailed on a motion for partial summary judgment which dismissed defendant Hoechst's claims in that court to the "sole exclusive use and ownership of the equipment furnished by [plaintiff] RPI together with all tangible and intangible rights of RPI incorporated therein." Plaintiff's Memorandum in Opposition to Motion to Dismiss or Transfer at 15. Defendant has argued to the court that this order has the

same effect as plaintiff's claims for injunctive relief in this action and those claims should therefore be dismissed as moot.

Acknowledging that the South Carolina court order is not "final" until the entire state court action is finalized and all avenues of appeal are exhausted, that order is nevertheless an enforceable order covering the issues presented by plaintiff's third and fourth claims for relief. To avoid needless duplication and/or relitigate issues already determined, defendant's request for dismissal of the third and fourth claims is granted.

Accordingly, the third and fourth claims for injunctive relief are dismissed with plaintiff being given leave to amend the complaint to reincorporate those claims at a later date if the South Carolina order is somehow altered in a way that diminishes the protection afforded plaintiff from the existing order.

### C. Motion to Change Venue Pursuant to 28 U.S.C. § 1404(a)

The considerations relevant to this court's determination of a motion to transfer or change venue as set forth in 28 U.S.C. § 1404(a) include the convenience of parties and witnesses and the interest of justice.

> In considering a motion to transfer, a court should consider among other things, the plaintiff's initial choice of forum; the residence of the parties; the relative ease of access of proof; the availability of compulsory process for attendance of witnesses; the costs of obtaining attendance of willing witnesses; the possibility of a view; the enforceability of a judgment, if obtained; the relative advantages and obstacles to a fair trial; other practical problems that make a trial easy, expeditious and inexpensive; the administrative difficulties of court congestion, the interest in having localized controversies settled at home; and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action.

*McDevitt & Street Co. v. Fidelity & Deposit Co. of Maryland,* 737 F.Supp. 351, 534 (W.D.N.C.1990); *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967).

■ The court has considered the relative wealth of the parties as advanced by plaintiff in support of its opposition to the motion to change venue. However, the court finds the most compelling facts to be those regarding the ongoing litigation in South Carolina covering the same subject matter as this lawsuit. The court does not believe plaintiff or its witnesses will be unduly inconvenienced by transfer of this action to the district of South Carolina where similar litigation is already pending.

In addition, the interest of justice is surely served if actions involving the same subject matter, parties and witnesses proceed in one court and/or jurisdiction. That conclusion is further supported when the jurisdiction to which this action will be transferred incorporates the site containing the equipment in question.

Accordingly, the court orders the action transferred to the District Court of South Carolina, Spartanburg Division.

### III. Conclusion

The defendant's motion to dismiss for lack of personal jurisdiction is denied; defendant's motion to change venue is granted; defendant's motion to dismiss plaintiff's third and fourth claims for injunctive relief is granted. The court has also considered the motions to strike portions of the affidavits of Ronald W. Kobler and Martin C. Gross. Those motions are denied with the court giving appropriate weight and consideration to the admissible portions of the submitted affidavits.

So Ordered.