Jeffrey KNAPP, Charles Baldwin, Lee Burke, Delbert Leggions, Jay Montague, Ray Shaffer, Manual Torres, Jacob Valdez, and Richard Westley, Plaintiffs,

v.

Roy S. ROMER, Governor of the State of Colorado; Aristedes Zavaras, Executive Director of the Colorado Department of Corrections; Bowie County, Texas; Mary Choate, Sheriff of Bowie County, Texas; Anthony Richardson, Warden of the Bowie County Correctional Facility, all in their official capacities, Defendants.

No. 95–K–1878.

United States District Court,
D. Colorado.

Dec. 22, 1995.

James E. Hartley, Steven W. Black, Holland & Hart, Denver, CO, David H. Miller, ACLU Foundation of Colorado, Denver, CO, for Plaintiffs/Petitioners.

John A. Lizza, First Assistant Attorney General, Denver, CO, for Defendants/Respondents.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Plaintiffs are nine Colorado Department of Corrections (DOC) inmates incarcerated in the Bowie County Correctional Facility (BCCF), Bowie County, Texas pursuant to a contract with the State of Colorado. Plaintiffs assert the Colorado defendants' constitutional obligations toward inmates apply equally to prisons in Colorado and prisons outside Colorado where Colorado inmates are incarcerated. Plaintiffs contend BCCF fails to meet minimum constitutional standards. They allege the hostile conditions and policies at BCCF combine to inflict cruel and unusual punishment upon them in violation of their rights protected by the Eighth Amendment to the United States Constitution. They also allege they are being denied their rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to meaningful access to the courts. Plaintiffs seek declaratory and injunctive relief permanently abating the allegedly unconstitutional conditions on behalf of

themselves and all others similarly situated.[1] *See* First Am.Compl., Part VIII (filed Nov. 17, 1995).

Defendants deny the conditions under which Colorado inmates are kept at BCCF violate constitutional standards and deny Plaintiffs are entitled to any relief. Defs.' Answer to First Am.Compl. (filed Dec. 5, 1995). First, however, they assert this action is more properly heard in the United States District Court for the Eastern District of Texas, and have filed a Motion for Transfer and Change of Venue pursuant to 28 U.S.C. § 1404(a). It is this motion that I consider in this Memorandum Opinion and Order.

## I. *THE LAW*

■ Congress enacted 28 U.S.C. § 1404(a) in 1948 to allow for the easy change of venue within a unified federal system. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir.1991) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981)). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ The moving party bears the burden of showing the existing forum is inconvenient. *Chrysler,* 928 F.2d at 1515 (citing *Texas Eastern Transmission Corp. v. Marine Office–Appleton & Cox Corp.,* 579 F.2d 561, 567 (10th Cir.1978) and *William A. Smith Contracting Co. v. Travelers Indem. Co.,* 467 F.2d 662, 664 (10th Cir.1972)), *applied in Scheidt v. Klein,* 956 F.2d 963, 965–66 (10th Cir.1992). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co.,* 467 F.2d at 664.

■ The decision of whether to transfer an action lies within the sound discretion of the trial judge. *Texas Eastern,* 579 F.2d at 567. Under standards articulated by the United States Supreme Court, I must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)); *see Chrysler,* 928 F.2d at 1517; *Hustler Magazine, Inc. v. United States Dist. Court for the Dist. of Wyoming,* 790 F.2d 69, 71 (10th Cir.1986) (error for district court to deny § 1404(a) motion summarily without "giv[ing] air to those facts which the petitioners assert entitle them to a transfer"). Among the factors a district court should consider are

[1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967)).

Based on the briefs and the record in this case, I determine proper consideration is possible without the need for a hearing or for oral argument on Defendants' motion. I find Defendants have failed to establish the exist-

---

1. As part of their prayer for relief, Plaintiffs seek an order permitting them to maintain this case as a class action pursuant to Fed.R.Civ.P. 23(b)(2). *See* First Am.Compl., Part VIII(A). Rule 23(c)(1) provides that district courts "shall determine by order" whether an action shall be maintained as a class action "as soon as practicable after the commencement of an action." This is a classic Rule 23(b)(2) civil rights action in which the challenged misconduct and the relief sought are both generally applicable to each member of the approximately 500–member class. In a separate written order, I require Defendants to show cause, if any, why this case should not be maintained as a class action under Fed. R.Civ.P. 23(b)(2). If Defendants object to certification, the issues will be briefed in response to the order.

ing forum is sufficiently inconvenient to tip the balance of equities in favor of transfer to Texas. Accordingly, Defendants' motion is denied.

## II. *DISCUSSION*

■ Defendants argue Plaintiffs' choice of forum should be given less weight in this case because the prison conditions at issue exist in Texas; most of the inmates and other fact witnesses reside in Texas; and those who reside in Colorado would be moved at Defendants' expense anyway. Defs.' Reply at 1–3. Thus, Defendants assert, the financial and equitable convenience factors "militate heavily" in favor of transfer to Texas. *Id.* at 2.[2] Further, Defendants argue, it is Texas's Jail Commission standards that apply to Plaintiffs' claims and that therefore, the eighth *Chrysler* factor requiring consideration of the advantages of having "a local court determine questions of local law" weighs in favor of their motion. Finally, Defendants argue that several of their civilian witness are subject to compulsory process in Texas, not Colorado, such that the second *Chrysler* factor also weighs in their favor.

With respect to the two latter contentions, it is not at all clear that Texas's Jail Commission standards will apply to Plaintiffs' claims. Indeed, a fundamental aspect of Plaintiffs' claims is that they must be afforded the same minimum standards of care afforded other Colorado inmates, regardless of where they are housed. *See* Pls.' Resp. at 2 (citing *Ramos v. Lamm,* 485 F.Supp. 122, 153 n. 20 (D.Colo.1979) (" '[i]f a state elects to impose imprisonment as a punishment for crime, . . . it has an obligation to . . . [meet] . . . minimal standards of adequacy' "), *aff'd in part,* 639 F.2d 559 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981)). Thus, to the extent local law applies to Plaintiffs' claims, it appears that law will be Colorado's, not Texas's. Defendants' concerns regarding the availability of compulsory process for Texas witnesses are likewise

unpersuasive. There is nothing in Defendants' briefs to suggest these witnesses would be unwilling to come to trial in Denver, that the use of deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary. *See Scheidt,* 956 F.2d at 966 (absent such a showing, defendant failed to demonstrate the requisite inconvenience to its witnesses).

Defendants' contentions regarding the inconvenience and expense associated with bringing 50 witnesses from Texas to Colorado and the fact that the facility at issue is located in Texas have more merit. However, as Plaintiffs point out in their response, several of the named Defendants and many of Plaintiffs' witnesses are in Colorado: Ninety members of the purported class have been returned to Colorado from BCCF, each of whom is a potential witness in this case; and numerous DOC employees—including case managers, monitors who have and who continue to inspect the Texas facility, and executive decisionmakers who are responsible for the continued placement of Plaintiffs in Texas—are also potential witnesses in this case. Resp. at 6–7. Thus, Plaintiffs argue, it is not clear whether the majority of witnesses who actually will appear before the Court will be from Colorado or from Texas.

The fact BCCF is located in Texas likewise is insufficient to require transferring this action there. I note various Colorado DOC officials already have visited BCCF to inspect and monitor the conditions there, as has Plaintiffs' expert, Dr. Paul Katsampes. These individuals live in Colorado. Further, at least one of the inspections of BCCF was videotaped. Defendants have not attempted to explain, let alone substantiate, why evidence regarding the physical conditions at BCCF could not be presented at trial through this medium.

Plaintiffs also argue there are other practical considerations under the ninth *Chrysler* factor that weigh in favor of deferring to their choice of forum. Because Plaintiffs

**2.** Defendants claim they have identified "more than 50 witnesses" residing in Texarkana or Bowie County whose testimony they must present in order to defend against Plaintiffs' claims. *Id.* at 3–6. If a trial on the injunctive issues

presented in Plaintiffs' Amended Complaint were to be held in Denver, Defendants assert, "such an event would literally require shutting down the Bowie County Correctional Facility." *Id.* at 6.

have no means by which to hire counsel, they contend a transfer will compromise and possibly even deprive them of their right to representation in this matter. Resp. at 7. The resources and experience of Plaintiffs' present counsel are in Colorado. It would be prohibitively costly, Plaintiffs contend, to require Plaintiffs' counsel to travel to Texas. Further, Plaintiffs argue, the DOC's decision to transport Colorado prisoners to Texas, where they are deprived of the minimal measure of life's necessities, should be aired in "full view" of the people of Colorado. *See* Resp. at 3. Otherwise, DOC would be free to send all of its prisoners to other jurisdictions and avoid the scrutiny of the citizens of Colorado. I find both these contentions to have merit.

Under the principles set out above, I conclude Defendants have failed to demonstrate that the balance of convenience and fairness is strongly in their favor. Accordingly, Plaintiffs' choice of forum will not be disturbed. IT IS SO ORDERED.