CARGILL INCORPORATED, Cargill Incorporated and Associated Companies Group Health Plan, and Cargill Incorporated, as sponsor and named fiduciary of Cargill Incorporated and Associated Companies Group Health Plan, Plaintiffs,

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA,
Defendant.**

**Civil A. No. 95–K–2908.**

United States District Court,
D. Colorado.

April 1, 1996.

Leanne B. DeVos, Sherman and Howard, L.L.C., Denver, CO, Michael R. Cunningham, Penny M. Tibke, and Richard A. Hackett, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, MN, for Plaintiffs/Petitioners.

Alan Gary Dunn, Phelps, Singer & Dunn, Denver, CO, for Defendant/Respondent.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This is an ERISA action. Pending are two motions: (1) Defendant's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a); and (2) Defendant's Motion to Dismiss Counts V–VIII of Plaintiffs' Complaint. The motion for change of venue has merit. I grant the motion.

## I. *BACKGROUND*

Plaintiff Cargill Incorporated ("Cargill") is a Delaware corporation with its principal business headquarters in Minnetonka, Minnesota. Cargill is the sponsor of the Cargill Incorporated and Associated Companies Group Health Plan (the "Plan"), and a fiduciary of the Plan as defined by the Employee Retirement Income Security Act of 1974 as amended (ERISA), 29 U.S.C. § 1101, *et seq.* Defendant The Prudential Insurance Company of America ("Prudential") is a New Jersey corporation with its principal headquarters in Newark, New Jersey. Cargill hired Prudential as a third-party administrator to provide services relating to the administration of employee claims under the Plan.

Cargill asserts several statutory and common law claims against Prudential based on numerous and systematic errors Cargill asserts Prudential made in processing claims under the Plan. In Counts I through IV of its Complaint, Cargill seeks damages, restitution and its costs of suit under §§ 409, 502(a)(2) and 502(a)(3)(B) of ERISA. *See* Compl. at ¶¶ 6–26. In Counts V through VIII, Cargill asserts state law claims for fraud, negligent misrepresentation, breach of contract, and professional malpractice.

Prudential has moved to dismiss Counts V through VIII, claiming Cargill's state law claims are preempted by ERISA under *National Elevator Indus., Inc. v. Calhoon,* 957 F.2d 1555, 1557 (10th Cir.), *cert. denied,* 506 U.S. 953, 113 S.Ct. 406, 121 L.Ed.2d 331 (1992). *See* Def.'s Mot. Dismiss (filed Feb. 20, 1996). Prudential has filed an Answer to Cargill's Counts I through IV, denying each of the claims. First, however, Prudential asserts this action is more properly heard in Minnesota, and seeks a change of venue from the District of Colorado to the District of Minnesota under 28 U.S.C. § 1404(a). I consider the motion for change of venue below.

## II. *THE LAW*

Congress enacted 28 U.S.C. § 1404(a) in 1948 to allow for the easy change of venue within a unified federal system. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir.1991) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981)). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The moving party bears the burden of showing the existing forum is inconvenient. *Chrysler,* 928 F.2d at 1515 (citing *Texas Eastern Transmission Corp. v. Marine Office–Appleton & Cox Corp.,* 579 F.2d 561, 567 (10th Cir.1978) and *William A. Smith Contracting Co. v. Travelers Indem. Co.,* 467 F.2d 662, 664 (10th Cir.1972)), *applied in Scheidt v. Klein,* 956 F.2d 963, 965–66 (10th Cir.1992). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co.,* 467 F.2d at 664.

The decision of whether to transfer an action lies within the sound discretion of the trial judge. *Texas Eastern,* 579 F.2d at 567. Under standards articulated by the United States Supreme Court, I must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)); *see Chrysler,* 928 F.2d at 1517; *Hustler Magazine, Inc. v. United States Dist. Court for the Dist. of Wyoming,* 790 F.2d 69, 71 (10th Cir.1986) (error for district court to deny § 1404(a) motion summarily without "giv[ing] air to those facts which the petitioners assert entitle them to a transfer"). Among the factors a district court should consider are

[1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8]

the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967)).

■ Considering the *Texas Gulf* factors together with the record in this case and the parties' written arguments, I find Prudential has established that the balance of equities tips in favor of transfer to Minnesota.

## III. *DISCUSSION*

### A. *Choice of Forum.*

Cargill relies heavily on the general rule that a plaintiff's choice of forum "should be given great weight." Pls.' Resp.Mot. Change Venue at 6. Prudential counters that Colorado has no factual connection to this lawsuit and maintains the parties' business presence in Colorado is unrelated the facts or conduct underlying Cargill's claims. Prudential argues that under *Koster v. Lumbermens Mutual Cas. Co.,* 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947), little deference is accorded a plaintiff's choice of forum where plaintiff has chosen a district in which a corporate defendant is doing business, but which has no factual connection to the lawsuit. Def.'s Reply at 5.

Of Cargill's 2750 Colorado employees and retirees, only 110 participate in the Plan. While Cargill maintains each of the Colorado participants will be "directly affected" by this litigation, it does not say how. Further, any "direct effect" in Colorado will be ten-fold in Minnesota, where Plan participants outnumber Colorado participants by more than 10 to 1. *See* Affid. of Caren Rothstein (attached to Def.'s Reply) ¶¶ 3–4. In addition, the claims administration services of which Cargill complains took place exclusively in Minnesota and North Carolina for all employees of Cargill and its subsidiaries, wherever they were located.

There is no basis under these facts alleged to accord substantial deference to Cargill's choice of forum.

### B. *Relative Convenience and Cost.*

Prudential asserts the accessibility of witnesses and other sources of proof will be diminished if this action is not transferred to Minnesota. Prudential cites an audit, upon which many of Cargill's allegations are based, that indicates some of the alleged errors attributed to Prudential were due to information received from HealthMarc, a corporation located in Minnesota that is not subject to the jurisdiction of this court. If the litigation were to continue in Colorado, Prudential claims it may have to maintain a separate action against HealthMarc in Minnesota "at the expense of judicial economy and with the possibility of inconsistent judgments." Def.'s Reply Br. at 9 (citing *Resources Investment Corp. v. Hughes Tool Co.,* 561 F.Supp. 1236, 1238 (D.Colo.1983) (favoring transfer where result will be one trial rather than two).

Further, Prudential argues, the costs associated with discovery and trial will be higher in Colorado. Of the 24 witnesses identified by the parties, ten reside in Minnesota.[1] None resides in Colorado. If the action remains in this forum, all of the witnesses will have to travel to Colorado. In addition, Colorado counsel will have to travel for any depositions not taken by telephone. If it is transferred to Minnesota, by contrast, nearly half of the identified witnesses will not have to travel to testify at trial.

Many of the witnesses appear willing to come to Colorado for trial. Cargill suggests those who are unwilling may testify by deposition. However, I agree with Prudential that the use of depositions in lieu of live testimony is inappropriate where, as here, plaintiff has requested trial by jury. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055 (1947) ("to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition is

---

1. As Prudential points out in its Reply brief, Plaintiffs' counsel and all four of the witnesses who submitted affidavits in opposition to the motion to transfer reside, and executed their affidavits, in Minnesota.

to create a condition not satisfactory to court, jury or most litigants").

■ Because none of Prudential's claims management duties took place in Colorado, all relevant documents will have to be transported to Colorado for trial. Cargill responds that because "neither plaintiffs nor Prudential have limited resources," the additional cost of trying the case in Colorado does not justify a transfer. The argument is unpersuasive. The relative costs and convenience of trying a case in a particular forum are significant factors under the *Texas Gulf* test and these factors weigh substantially in favor of transferring this action to Minnesota.

### C. *Choice of Law and Related Considerations.*

■ Cargill's principal reason for choosing Colorado as the forum for this action is the "more advantageous" ERISA preemption law that exists in this circuit. Pls.' Resp. at 14 (citing *Simmons v. Prudential Ins. Co. of America,* 641 F.Supp. 675 (D.Colo.1986) (state law claims not preempted by ERISA) and *Muñoz v. Prudential Ins. Co. of America,* 633 F.Supp. 564 (D.Colo.1986) (same)). *C.f. Consolidated Beef Indus., Inc. v. New York Life Ins. Co.,* 949 F.2d 960 (8th Cir. 1991) (state law claims are preempted by ERISA). Even if that were the case (and I question whether it is),[2] the issues of convenience and cost are not, as Cargill suggests, subordinate to a plaintiff's otherwise justifiable "option of shopping for a forum with the most favorable law." *See* Pls.' Resp. at 15 (quoting *Ferens v. John Deere Co.,* 494 U.S. 516, 527, 110 S.Ct. 1274, 1282, 108 L.Ed.2d 443 (1990)). I reject out of hand Cargill's assertion that this court's "considerable experience" with ERISA preemption issues, by itself, "provide[s] a compelling reason for denying Prudential's motion to transfer." *Id.* at 16. All federal courts handle ERISA cases; the suggestion that the District of Minnesota is a less appropriate forum for this action because it lacks the experience in ERISA matters of the courts in this circuit is

both an affront to that court and an illusion to be ignored.

### D. *Difficulties Arising from Crowded Dockets.*

Cargill argues this case should not be transferred because it "would have to start all over" if it were and "will most surely" go to trial earlier in Colorado than in Minnesota. Pls.' Resp. at 16. The case does not have to "start all over" in Minnesota. To the contrary, it will proceed from the point at which it was transferred. No trial date has been set to date in this court. The action has been at issue only since February 20, 1996, the date Prudential filed its Answer with respect to Counts I through IV.

### IV. CONCLUSION

I conclude Prudential has met its burden under 28 U.S.C. § 1404(a) on the issue of transfer, and find the balance of convenience and fairness tips strongly in favor of transferring this action to Minnesota. Accordingly,

IT IS ORDERED that Prudential's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) is GRANTED.

---

**2.** In *Cannon v. Group Health Serv. of Okla.,* 77 F.3d 1270, 1272–74 (10th Cir.1996), for example, the Tenth Circuit held that ERISA preempted plaintiff's state law claims for breach of contract and breach of fiduciary duty related to improper claims processing even though no remedy was available under ERISA.