**Beverly A. HIRSCH, a/k/a Beverly Hirsch–Silk, Plaintiff,**

v.

**Aristedes ZAVARAS, in his individual capacity, Transcor America, Inc., a Tennessee corporation, Jack Ter Linden, and Jeff Thoreson, Defendants.**

**Civil Action No. 93–K–1917.**

United States District Court, D. Colorado.

April 1, 1996.

---

Todd A. Jansen, Cockrell, Quinn & Creighton, Denver, CO, for plaintiff.

Jane R. Christman, First Assistant Attorney General, Denver, CO, Jonathan Sacks, Nashville, TN, for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Beverly Hirsch brought this civil rights action against Aristedes Zavaras, the Executive Director of the Colorado Department of Corrections, Transcor America, Inc. and employees of Transcor, Jack ter Linden and Jeff Thoreson for damages arising from an

alleged rape and other violations of her civil rights occurring on July 28, 1993.

On August 11, 1995, Defendants Transcor and ter Linden filed a motion to dismiss and alternative motion to change venue. On that same day Transcor moved for summary judgment. Hirsch filed a response to the motion to dismiss and alternative motion for change of venue on August 22, 1995. On October 6, 1995, Transcor and ter Linden filed a reply to Hirsch's response, withdrawing the motion to dismiss. Magistrate Judge Schlatter entered an order denying transfer of venue on October 31, 1995. Transcor and ter Linden objected.

## I. *Review of Order.*

■ Magistrate Judge Schlatter's order of October 31, 1995 denied Transcor and ter Linden's motion for change of venue under 28 U.S.C. § 1404(a) without any discussion of his reasoning. Ordinarily, the test in reviewing a magistrate judge's order on nondispositive matters is whether that order is clearly erroneous or contrary to law. Fed.R.Civ.P. 72.

■ Here, where the magistrate judge has ruled without any discussion of his rationale, "[s]uch a bare conclusion is beyond meaningful judicial review." *Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. March 26, 1996).

Although I find no authority in this regard with reference to decisions of magistrate judges, an analogy may be drawn with the judicial review of a decision of an administrative law judge ("ALJ") who is required to make findings supported by specific weighing of evidence. If the ALJ fails to make such specific findings, a court upon review cannot assess whether relevant evidence adequately supports the ALJ's conclusion and must, therefore, remand the case to the ALJ to set out specific findings and reasons for accepting or rejecting evidence. *Id.* at 1009.

Similarly, here, I can either remand the case to the magistrate judge to set out his specific findings regarding the motion for change of venue and reasons therefor or I can review the issues *de novo.* I review *de novo.*

## II. *Merits.*

Transcor and ter Linden filed a motion for change of venue under 28 U.S.C. § 1404(a), based on a list of factors which, they argued, weigh heavily in favor of granting transfer of the action to the United States District Court for the District of Nevada. Hirsch asserted Transcor and ter Linden had previously claimed venue in Colorado was improper, the magistrate judge found they had waived this objection to venue and the magistrate judge's recommendation, accepted on July 17, 1995, disposed of this issue.

■ Hirsch has confused a motion to dismiss for improper venue under 28 U.S.C. § 1391(b) and Federal Rule of Civil Procedure 12(b) with a motion for change of venue under 28 U.S.C. § 1404(a). Assuming, arguendo, Defendants had waived venue by failing to assert it in their initial pleadings, "[a] party who has waived his objection to venue by failure to assert it at the proper time is not for that reason precluded from moving for a change of venue." 15 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3844 (1986); *see also Montgomery Ward & Co. v. Anderson Motor Serv., Inc.* 339 F.Supp. 713, 718 (D.C.Mo. 1971).

■ To transfer venue in an action, the burden is on the movant to show that the forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509 1515 (10th Cir.1991); *Knapp v. Romer,* 909 F.Supp. 810, 811 (D.Colo.1995). The relevant statute provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). However, unless the balance is strongly in favor of the moving party, the plaintiff's choice of forum should rarely be disturbed. *William A. Smith Contracting Co. v. Travelers Indem. Co.,* 467 F.2d 662, 664 (10th Cir.1972).

■ Among the factors to be considered are: " '1) [p]laintiff's choice of forum; 2) accessibility of witnesses and other sources of proof; 3) the cost of making the necessary proof; 4) questions of enforceability of a

judgment if one is obtained; 5) relative advantages and obstacles to a fair trial; 6) difficulties that may arise from congested dockets; 7) the possibility of questions arising in the area of conflicts or laws; 8) the advantages of having a local court determine questions of local law; and 9) all other considerations of a practical nature that make a trial easy, expeditious and economical.'" *Chrysler*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)).

 Transcor and ter Linden assert Nevada is a more convenient forum because the major event complained of, the rape, occurred in Nevada and essential nonparty witnesses who would testify to whether the event occurred, reside in Nevada and are unwilling to testify in Colorado. These reasons do not compel a change of venue.

Where a transfer of an action would simply shift the inconvenience from one party to another, the transfer should be denied. *Crossroads State Bank v. Savage*, 436 F.Supp. 743, 745 (W.D.Okla.1977). Both Transcor and ter Linden reside in Tennessee and although a transfer of the action might lessen their inconvenience, it would increase that of Hirsch.

Defendants further contend a transfer is warranted because a viewing of the area where the alleged rape occurred would be helpful. Even if this is true, it does not rise to the level necessary to warrant transfer. Photographs or videotape films are preferable substitutes for physical inspection because they can be preserved in the record.

Finally, Transcor and ter Linden argue many nonparty witnesses are outside the subpoena power of this court, are unwilling to testify in Colorado, and, even if they could be compelled to testify at trial, the expense would be unduly burdensome to the Defendants. This too, is unpersuasive.

Several alternatives are available, such as using the depositions of witnesses at trial as provided by Federal Rule of Civil Procedure 32(a)(3)(B). *See Applied Resources, Inc. v. Electronic Display Systems* 763 F.Supp. 1561, 1561 (D.Kan.1991) (inability to compel

material witnesses to testify at trial is not sufficient to warrant transfer of the action).

III. *Conclusion.*

Defendants have not established either the balance of convenience of the parties and witnesses or the interests of justice demands a transfer of venue. Accordingly,

IT IS ORDERED THAT the magistrate judge's Order Denying Transfer of Venue is AFFIRMED.